DOMESTIC SEWING MACHINE CO. v. HATFIELD ET AL.

FOREIGN CORPORATION.—*Patent.*—*Promissory Note—Pleading.*—In an action by a foreign corporation, upon a certain promissory note, executed to the plaintiff by the defendant, it was alleged in the complaint, that the consideration of the note sued on was the transfer by the plaintiff to the defendant of a promissory note taken by the defendant, as the agent of the plaintiff, for a certain patented article manufactured by the plaintiff for sale, under letters-patent granted by the United States to the patentee, and duly assigned by him to the plaintiff; that the plaintiff had not complied with the requirements of sections 1 and 2 of the act of June 17th, 1852, 1 R. S. 1876, p. 373, "respecting foreign corporations and their agents in this State;" and that defendant refused to pay the note in suit, because of the refusal of the maker, on account of the failure of the plaintiff to comply with the requirements of such act, to pay such note so transferred.

*Held*, on demurrer, that the consideration of the note in suit is the note so transferred, and not the patented article so sold, and that, therefore, the plaintiff can not maintain her action until she has complied with the requirements of such act.

From the Elkhart Circuit Court.

*M. F. Shirey*, for appellant.

*J. H. Baker* and *J. A. S. Mitchell*, for appellees.

WORDEN, J.—This was an action by the appellant, against the appellees.

Demurrer to the complaint for want of sufficient facts sustained, and exception. Final judgment for the defendants.

The complaint, consisting of one paragraph, counted upon five several promissory notes, executed by the defendants to the plaintiff. No objection was made, however, on the ground of duplicity.

The complaint alleged, in addition to the proper averments as to the execution and non-payment of the notes, which had matured before the bringing of the action, the following facts, viz.:

"And the plaintiff further alleges, that she is a foreign corporation, duly organized under and by virtue of the laws of the State of Ohio, and that she is the assignee and sole owner of two separate patents granted to one William O. Mack, by the United States of America, respectively on the 19th day of May, 1863, numbered 38,592, and on the 31st day of January, 1871, numbered 41,359, for new and useful improvements in sewing machines, invented by said William O Mack, and by him assigned in writing to this plaintiff, and that she had said assignments at once recorded in the patent office at Washington, D. C.; that, under and by virtue of said patents, she has been manufacturing the domestic sewing machine, using said new and useful improvements in the manufacture thereof, and, desiring to vend the same in the State of Indiana, she employed the defendants as her agents to vend and sell the said machines in' said State; that, in pursuance of said agency, the defendants sold a large number of her said sewing machines, and received from the purchasers of such machines prom-

Domestic Sewing Machine Co. *v.* Hatfield *et al.*

issory notes therefor, which said agents were authorized by this plaintiff to do; that therefore this plaintiff charged the amount of said notes to said defendants, until they should be delivered over and received from them by this plaintiff; that on the 18th day of April, 1873, on an accounting had with said agents, they were found to be charged with notes so taken to the amount of five hundred dollars; that, instead of delivering over said notes to this plaintiff, the notes in said suit were executed in consideration of the fact, that said defendants should retain the notes so taken; that said notes, so taken as the consideration of the notes in suit, have not been paid, and the makers thereof refuse to pay the same for the reason that they assert they were illegally taken, this plaintiff not having complied with the statute regulating foreign corporations. She says the defendants refuse to pay said notes solely for the reason that said notes were invalid, because she did not comply with the requirements of an act passed by the legislature of Indiana, June 17th, 1852, entitled "An act respecting foreign corporations and their agents in this State," which she admits that she did not do, believing that the patent laws of the United States gave her the right to sell unrestricted by State laws. Wherefore she says, that the consideration for said notes was valid, and she demands judgment," etc.

The 1st and 2d sections of the act of the Legislature referred to in the complaint (1 R. S. 1876, p. 373,) provide, in substance, that the agents of foreign corporations, before entering upon the duties of their agency, shall file in the clerk's office of the county where they purpose doing business, the power of attorney, etc., or other authority, by virtue of which they act as agents; and also that they shall procure from the corporations and file with the clerk an authenticated order, resolution, etc., authorizing citizens or residents of this State. having a claim or demand against such corporation, arising

out of any transaction in this State with such agents, to sue for and maintain an action in respect to the same in any court of this State, of competent jurisdiction, and further authorizing service of process in such action on such agent, and that such service shall authorize proceedings and judgment against the corporations.

The 4th section of the act provides, that "Such foreign corporations shall not enforce in any courts of this State, any contracts made by their agents or persons assuming to act as their agents, before a compliance by such agents, or persons acting as such, with the provisions of sections one and two of this act." ·

In the case of *The Walter A. Wood Mowing, etc., Machine Co.* v. *Caldwell*, 54 Ind. 270, it was held, upon full consideration and an examination of the authorities, that section 4, above quoted, does not make contracts void where sections 1 and 2 have not been complied with, but prohibits any enforcement of them, or suspends any remedy upon them, until the requirements of the two sections have been complied with.  But, as the statute was not complied with, the plaintiff had no present right of action upon the notes sued on, and the demurrer was correctly sustained, unless, in view of the facts stated, the statute is to be held inapplicable to the case.

In the case of *The Grover & Baker Sewing Machine Co.* v. *Butler*, 53 Ind. 454, the corporation, a foreign one, was the owner of a patent right, and manufactured patented sewing machines, and, not having complied with . . the statute, sold a machine, by its agent, to Butler, for which he gave the company his note, upon which the action was brought.  It was held, in view of the constitution and laws of the United States on the subject of patent-rights, that the plaintiff could recover, although the statute had not been complied with.  It was said by Howk, J., in delivering the opinion of the court: "Where a foreign corporation is the owner, either as patentee or assignee, of letters patent issued by the United States,

and the transactions of such corporation, in this State, are connected with the manufacture, use, or sale of the invention described in such letters patent, we hold that the provisions and requirements of the act " (above cited) " do not apply to such foreign corporation, or its agents in this State, in such transactions in this State."

But a foreign corporation, though the owner of a patent right and the manufacturer and vender of a patented article, may have transactions in this State not connected with the manufacture, use or sale of the patented article; and in such case the law is as applicable to them as to any other foreign corporations.

Such was the case here. The facts in relation to the consideration of the notes sued upon, as stated in the complaint, are these:

The defendants had certain notes in their hands belonging to the plaintiff, and it was agreed that the defendants should retain those notes, and execute their own notes to the plaintiff. In short, the consideration of the notes sued on was the sale by the plaintiff to the defendants of certain notes belonging to the plaintiff, then in the hands of the defendants. This transaction had nothing to do with the manufacture, use or sale of any patented article; and the notes sued upon can not be enforced until the plaintiff shall have complied with the requirements of the statute above cited.

The demurrer was properly sustained.

The judgment below is affirmed, with costs.