No. 16,195.

THE PHENIX INSURANCE COMPANY v. THE PENNSYL-
VANIA RAILROAD COMPANY.

PLEADING.—*Complaint.*—*Sufficiency of Allegation as to Value.*—*Subrogation of Insurance Company to Rights of Insured.*—*Railroad.*—In an action by an insurance company to be subrogated to the rights of the insured for damages sustained by the insured by the negligence of the defendant railroad company in permitting sparks of fire from its engines to be communicated to stacks of hay of the insured near defendant's right of way, and by reason thereof they were destroyed, and plaintiff compelled to pay a large sum of insurance, the allegation as to value that the hay so destroyed was of "great value," is sufficient to withstand a demurrer, but might have been made more specific on motion to that effect.

SUBROGATION.—*Insurance Company to Rights of Insured.*—*Damages to Property Insured.*—Where property is injured or destroyed by the negligent act or omission of one, under such circumstances as that the owner of the property may maintain an action for such injury or destruction, if such property is insured, such insurer, if compelled to make good the loss to the owner, may be subrogated to the rights of the owner, and recover from the wrong-doer a sufficient sum to reimburse him for such outlay, provided the damages are sufficient to equal the sum paid.

DAMAGES.—*Foreign Insurance Company.*—*Non-Compliance with Statute.*—*Subrogation to Rights of Insured.*—*Matter of Defense.*—In an action by an insurance company against a railroad company for damages to property insured by it, and by reason of which insurance it was compelled to reimburse the insured, and to be subrogated to the rights of the insured, it is not a matter of defense by the railroad company that the insurance company has never complied with the laws of this State relating to foreign insurance companies, the insurance company being entitled to be subrogated to the rights of the insured, as to the injury to such property, regardless of the fact of non-compliance.

*Quære*, is a contract of insurance made in this State by a foreign insurance company, which has not complied with the law of this State relating to such companies, void ?

From the Kosciusko Circuit Court.

*C. P. Drummond,* for appellant.

*A. Zollars, J. Morris,* and *B. T. Calvert,* for appellee.

COFFEY, C. J.—So much of the complaint in this case as is necessary to present the questions discussed by counsel alleges, substantially, that in the year 1889, one William W. Warnes was the owner of a large quantity of hay in Marshall county, Indiana, stacked near the right of way upon which the appellee's railroad is constructed; that the appellant, as a corporation engaged in the business of fire insurance, executed to the said Warnes a policy of insurance insuring him against loss, by fire, on account of said hay; that by the negligence of the appellee in failing to provide its engines with proper spark arresters, the sparks from such engines were permitted to escape, by means of which they set fire to said hay, whereby the same was destroyed; that by reason of the destruction of the hay, the appellant was compelled to and did pay to the said Warnes the amount of said policy, to wit, three hundred dollars.

Prayer that the appellant be subrogated to the rights of Warnes as against the appellee, and that it have judgment for the sum of three hundred dollars.

To this complaint the appellee answered that the appellant was a foreign corporation, organized under the law of the State of New York, and doing business in the State of Indiana; that the hay mentioned in the complaint, and for an injury to which this suit is brought, was insured, as is alleged by the appellant, by a certain policy or contract of insurance entered into at ————, in the State of Indiana, with one ————, claiming to be the duly authorized agent of the appellant for the county of Marshall, in the State of Indiana; that the appellant had not then, nor has it since, furnished to the auditor of this State the sworn or any other statement of its president or secretary, as required by the laws of the State of Indiana, then and still in force, nor has it at any time procured from the auditor of State a certificate

The Phenix Insurance Co. *v.* The Pennsylvania Railroad Co.

authorizing the said ——— to transact business in Marshall county, nor has the appellant at any time filed any such certificate or copy thereof, or any renewal thereof, nor any certified copy of any statement of the president or secretary of the appellant in the office of the clerk of the circuit court of said Marshall county, as required by law.

To this answer the court overruled a demurrer, and the appellant excepted. The appellant failing and refusing to plead further, the appellee had judgment for costs.

The only error assigned calls in question the correctness of the ruling of the circuit court in overruling a demurrer to this the second paragraph of the appellee's answer.

It is contended by the appellee that there was no error in overruling the demurrer to this answer; for, assuming for the sake of the argument that it was bad, the court did not err in overruling the demurrer, because the complaint does not state a cause of action. It is said that the complaint is bad for the reasons:

*First.* That it does not allege that the hay therein mentioned was of any value; and,

*Second.* Because it is shown, on the face of the complaint, that the owner of the hay was guilty of contributory negligence in stacking his hay near the appellee's railroad.

The complaint does allege that the hay therein mentioned was of "great value." While it would have been better pleading to allege that the hay was of some specific value, yet it is not so defective as to render the objection now urged available to the appellee. It was, perhaps, subject to a motion to make it more specific, but such objection can not be taken by demurrer.

The complaint contains the general allegation that the hay was destroyed without the fault or negligence of the

owner.  There are no specific allegations which would tend to destroy this general allegation of fact.

Where property is injured or destroyed by the negligent act or omission of one, under such circumstances as that the owner of the property may maintain an action for such injury or destruction, it seems to be settled, both upon principle and authority, that if such property is insured, such insurer, if compelled by reason of the policy to make good the loss to the owner, may be subrogated to the rights of the owner, and recover from the wrong-doer a sufficient sum to re-imburse him for such outlay, provided the damages are sufficient to equal the sum paid.  *Hart* v. *Western R. R. Co.*, 13 Met. (Mass.) 99; *Whitehead* v. *Hughes*, 2 Cr. M. 313; *Phillips* v. *Claggett*, 11 M. & W. 84; Sheldon on Subrogation, 221–230; *Insurance Co.* v. *Fidelity Trust Co.*, 14 Atl. Rep. 791; *Pratt* v. *Radford*, 8 N. W. Rep. 606; *Connecticut Fire Ins. Co.* v. *Erie R. W. Co.*, 73 N. Y. 399; *Swarthout* v. *Chicago, etc., R. W. Co.*, 49 Wis. 625.

The complaint, in our opinion, states a cause of action in favor of the appellant, and against the appellee.

Upon the subject as to whether contracts entered into in this State by foreign corporations, when they have failed to comply with our statutes prescribing their duties, are void or otherwise, our adjudged cases are in the utmost confusion.  It is utterly impossible to reconcile them.

In the case of *Rising Sun Ins. Co.* v. *Slaughter*, 20 Ind. 520, it was held that all such contracts were void, but this case was, in effect, overruled by the later cases of *Deming* v. *State*, 23 Ind. 416, and *New England Fire, etc., Ins. Co.* v. *Robinson*, 25 Ind. 536.

In the case of *Wood Mowing, etc., Co.* v. *Caldwell*, 54 Ind. 270, the case first above named is expressly recognized as being overruled by the two last cases named, but

The Phenix Insurance Co. *v.* The Pennsylvania Railroad Co.

notwithstanding this fact, it was again cited with approval in the case of *Cassaday* v. *American Ins. Co.*, 72 Ind. 95.

A careful examination of our cases will disclose the fact, however, we think, that there is now no case in this State which holds that a policy of insurance issued to one of our citizens by a foreign insurance company which has failed to comply with our statute upon the subject of foreign insurance companies, is void. There is one line of decisions which holds that a contract entered into by a citizen of the State with a foreign corporation which has not complied with the statute, by the terms of which the citizen has bound himself to the corporation, is void, while another line of decisions holds that such contract is not void, but that the right to enforce it is suspended until the corporation has complied with the statute. *Union Central Life Ins. Co.* v. *Thomas*, 46 Ind. 44; *Cassaday* v. *American Ins. Co.*, *supra; Hoffman* v. *Banks*, 41 Ind. 1; *Behler, Admr.*, v. *German Mutual Fire Ins. Co.*, 68 Ind. 347; *New England Fire, etc., Ins. Co.* v. *Robinson, supra; Wood Mowing, etc., Co.* v. *Caldwell, supra; Domestic Sewing Machine Co.* v. *Hatfield*, 58 Ind. 187; *Daly* v. *National Life Ins. Co.*, 64 Ind. 1; *Singer Mfg. Co.* v. *Brown*, 64 Ind. 548; *Johnson* v. *State*, 65 Ind. 204; *Smith* v. *Little*, 67 Ind. 549; *American Ins. Co.* v. *Wellman*, 69 Ind. 413; *Singer Mfg. Co.* v. *Effinger*, 79 Ind. 264; *Finch* v. *Travelers Ins. Co.*, 87 Ind. 302; *Elston* v. *Piggott*, 94 Ind. 14.

It is unnecessary, in this case, to inquire which of these conflicting lines of decisions is correct, as we are dealing here with a policy of insurance.

It may not be improper to remark, in passing, however, that this court seems to have settled down upon the doctrine that such contracts are not void, but that the right of the corporation to enforce such contracts is sus-

pended until it has complied with the terms of the stat-
ute, and that a failure to perform the duty required by
law can only be taken advantage of by way of plea in
abatement. *Elston* v. *Piggott, supra.*

The doctrine that a foreign insurance company which
has insured the property of a citizen for an agreed com-
pensation may, in case of loss, avoid payment on the
ground that it has wrongfully omitted to comply with
our statute upon the subject of foreign insurance compa-
nies, is so much at variance with all our preconceived
notions of justice that we would not feel inclined to fol-
low it, unless compelled by authority to do so. We
think the decided weight of authority is against such a
doctrine. In addition to the authorities above cited, we
cite *Columbus Ins. Co.* v. *Walsh,* 18 Mo. 229; *Clark* v.
*Middletown,* 19 Mo. 53; *Ætna Ins. Co.* v. *Harvey,* 11
Wis. 412; *Wheeler* v. *Hawkins, Assignee,* 116 Ind. 515.

In our opinion, the policy of insurance mentioned in
the complaint was a binding obligation, and that it might
have been enforced against the appellant.

The statute was intended to protect the citizens of the
State, and was not intended to permit foreign corpor-
ations to escape their obligations created by contract.

The policy of insurance being valid, and the appel-
lant, pursuant to its terms, having paid the loss sus-
tained by Warnes, to whom it was issued, is entitled to
be subrogated to all the rights of Warnes as against the
appellee.

In this suit the appellant is not seeking to enforce any
contract with a citizen of this State. It has performed
its contract, and is now seeking to stand in the place of
Warnes to enforce a duty which the appellee owed to
Warnes. The case has passed beyond the realm of con-
tract law. To such a case, the statute in relation to for-

eign corporations has no application. *Smith* v. *Little, supra.*

In our opinion, the court erred in overruling the demurrer of the appellant to the second paragraph of the answer of the appellee.

Judgment reversed, with directions to the circuit court to sustain the demurrer to the second paragraph of the appellee's answer.

