## Barricklow v. Stewart, Executor.

[No. 4,506. Filed October 13, 1903.]

Executors and Administrators.—*Removal.—Petition.—Demurrer to Petition.—Bonds.*—A demurrer for want of facts was proper to test the sufficiency of a petition for the revocation of the appointment of an executor because of an alleged invalid bond. *p. 449.*

Same.—*Bonds.— Foreign Surety Companies.*—A petition for the removal of an executor on the ground that the petitioner is informed and believes that his bond is invalid because it purports to have been executed by a foreign surety company, and there is

no authority on file in the county showing that the company is authorized to execute bonds, nor any authority on file in the county showing the authority of the alleged resident vice-president to execute bonds in behalf of said company, is insufficient; since such companies are governed by special statutes, §§5480-5494 Burns 1901, which do not require the agents thereof to file certificates in the counties in which they desire to do business, and even if the law required the filing of such certificate the failure to comply with such provision would not render the bond invalid. *pp. 447-451.*

From Ohio Circuit Court; *N. S. Givan*, Judge.

Proceeding by Ruth E. Barricklow for the removal of Stephen H. Stewart, executor of the will of Presley Gregg, deceased. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*W. W. Williams, J. B. Coles* and *Cynthia Coles*, for appellant.

*Davis & Davis, G. M. Roberts* and *W. R. Johnson*, for appellee.

Comstock, P. J.—Presley Gregg died testate at the city of Rising Sun, Ohio county, on the 9th day of April, 1902. His will was duly probated before the clerk of the Ohio Circuit Court, April 11, 1902. Upon the 15th day of April, 1902, Stephen H. Stewart, who was appointed executor of said will, appeared before the clerk and filed his statement of the probable amount of the estate of said decedent, to wit, $20,000, and then and there tendered his bond in the sum of $45,000, with the American Surety Company of New York as surety thereon, and signed by Horace E. Smith, resident vice-president, and attested by Earnest V. Clark, resident assistant secretary, which bond was approved and accepted by the clerk of said circuit court, and said Stewart was duly sworn as executor of said estate, and letters testamentary were made out and delivered to him by said clerk. All of said proceedings, affidavits, and statements, with a copy of said bond and the appointment of said executor, are set forth in the tran-

script. On May 5, 1902, being the first day of the May term of the said circuit court, the clerk reported to the judge thereof his proceedings in vacation as above set forth. Appellant filed her petition at said last-named date in said court, reciting the foregoing facts, and in addition that she was the sister and next of kin of the deceased; "that she is informed and believes that said bond so filed by said Stewart is invalid and of no force and effect, in this, to wit: that said bond purports to have been executed by the American Surety Company, a corporation of the state of New York, but there is no authority on file in this county showing that said American Surety Company is authorized to transact the business of executing surety bonds in the State of Indiana, nor is there any authority on file nor of record in this county showing the authority of Horace E. Smith, the alleged resident vice-president of said American Surety Company, to execute and deliver bonds on behalf of said company; and further that said bond, by reason of the facts aforesaid, is invalid and of no effect in this court, and that said Stewart, having failed to execute a good and sufficient bond in this matter as required by law -to do, has forfeited his right to act as such executor, and the time in which he can file a good and sufficient bond has elapsed. Your petitioner further says that the estate of said Presley Gregg is extensive, and there is great danger of its being lost to said estate, to the injury of this petitioner, who, as stated, is the sister and next of kin to said decedent. She further shows that, as such next of kin to said Presley Gregg, she has commenced a suit in this court to contest the pretended will of said Presley Gregg, which action is now pending, and that Bertha May Barricklow, her daughter named in said will as a legatee and devisee, is a co-plaintiff; that, in view of the facts herein stated, she now asks the court to order and direct that the appointment of said Stephen H. Stewart as the executor of said pretended last will be set aside and

revoked; that a special administrator be appointed to preserve the assets of said estate until the further order of the court herein, and that she be granted such other and further relief as she may be entitled to." To this petition appellee filed a demurrer "because said petition and objections of said Ruth E. Barricklow, praying the court to revoke the appointment of said executor, does not state facts sufficient to constitute a cause of action, or entitle the said Barricklow to the relief and judgment of ouster prayed for by her therein." The action of the court in sustaining this demurrer is assigned as error.

It is claimed that this demurrer should not have been considered, for the reason that it does not apply to the written objections filed, and does not state a statutory ground for demurrer. The petition asks the revocation of the appointment of the executor. The demurrer alleged a want of facts to constitute a cause of action; but appellant asserts that the petition did not pretend to be a complaint or cause of action, that it only placed the court in possession of facts upon which the law made it the duty of the court to withhold its approval of the clerk's acts, and that it could not be tested by demurrer. It is not material by what name the paper filed is called. It asks the court to revoke the appointment of the executor. The immediate effect of the revocation of that appointment would have been the ouster of the executor. The foregoing objections named are urged against the form of the demurrer. Whether the merits of the petition should have been questioned by motion to reject or to strike out, or by demurrer, we need not determine, if the same results by either course could have been correctly reached. The demurrer, however, does state a statutory ground—"want of facts sufficient to constitute a cause of action"—and fairly applies to the objections set out in the petition. But, without waiving the objection to the form of the

demurrer, it is contended by appellant that the facts stated
in the petition were enough to inform the court that ap-
pellee's bond was insufficient to protect the estate.    The
petition avers that appellant "is informed and believes that
the bond is invalid because it purports to have been exe-
cuted by the American Surety Company, a foreign cor-
poration, but that there is no authority on file in Ohio
county showing that said company is authorized to execute
bonds in the State of Indiana, nor any authority on file
or of record in the county showing the authority of Hor-
ace E. Smith, the alleged resident vice-president of the
company, to execute bonds in behalf of said company."
Unless good cause is shown, the acts of the clerk in va-
cation should be ratified by the court.    §2398 Burns 1901.
Foreign surety companies may be received as surety on
the bonds of executors, etc.    §5494a Burns 1901.    When
such companies are governed by special regulations, the
general law pertaining to foreign corporations is not ap-
plicable to them.    Rehm v. German Ins. & Sav. Inst., 125
Ind. 135; Surety, etc., Assn. v. Elbert, 153 Ind. 198.    The
American Surety Company and like corporations are gov-
erned by the special statutes, §§5480-5494 Burns 1901.
That act does not require the agent to file his certificate
in the office of the clerk of the county in which he desires
to do business.    It is claimed that the surety company
was required under §5481 Burns 1901 to file power of
attorney appointing the Auditor of State attorney in fact,
etc.; by §3453 Burns 1901 to deposit in the clerk's office
of the county the power of attorney under and by virtue
of which they act as agents.    But even if the law required
the filing of the certificate of the agent in the office of the
clerk of such county, the failure to comply with that pro-
vision would not render the bond invalid.    North Mercer,
etc., Co. v. Smith, 27 Ind. App. 472, and cases cited.    A
foreign corporation can not do business in this State with-
out complying with the provisions of the statutes author-

izing it to do such business, and escape liability upon its contract. *Phœnix Ins. Co.* v. *Pennsylvania R. Co.,* 134 Ind. 215, 20 L. R. A. 405, and cases cited; *Sparks* v. *National Masonic Acc. Assn.,* 73 Fed. 277; *Lafayette Ins. Co.* v. *French,* 18 How. 404, 15 L. Ed. 451; *Paul* v. *Virginia,* 8 Wall. 168, 19 L. Ed. 357; *Railroad Co.* v. *Harris,* 12 Wall. 65, 20 L. Ed. 354; *Foster* v. *Charles Butcher Lumber Co.,* 5 S. D. 57, 58 N. W. 9, 23 L. R. A. 490, 49 Am. St. 859.

It is proper to add that the executor has complied with the requirements of the law. If, in the opinion of the trial court, the surety company was not authorized to act, appellant could have asked for no more than a new bond; but the bond was valid, and the court did not err in its ruling upon the demurrer. Judgment affirmed.