## Citizens Savings Bank of Columbus, Ohio, v. Halstead et al.

[No. 6,197.   Filed June 9, 1908.]

1. BILLS AND NOTES.—*Alterations.*—*Bona Fide Holder for Value.*— The material alteration of a note, after execution, renders it invalid in the hands of a *bona fide* holder for value, as well as the payee.   p. 81.
2. SAME.—*Alterations.*—*Erasure of Name of Joint Maker.*—The erasure of the name of a joint maker of a note after delivery and without the consent of the other joint makers is a material alteration and invalidates such note.   p. 81.
3. APPEAL.—*Weighing Evidence.*—*Bills and Notes.*—The Appellate Court will not determine whether an alleged joint maker of a note executed same, where he testifies that he did not, and eight others testify that he did.   p. 81.
4. NEW TRIAL.—*Answers.*—*Insufficient Evidence as to Part.*—Where one paragraph of answer is sustained by the evidence, the defendants' failure to sustain the others does not justify the granting of a new trial.   p. 81.

From Newton Circuit Court; *Charles W. Hanley*, Judge.

Action by the Citizens Savings Bank of Columbus, Ohio, against Everett Halstead and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*William Cummings* and *S. A. Webb*, for appellant.

*Frank Foltz, C. G. Spitler* and *William Darroch*, for appellees.

HADLEY, J.—This is an action brought by appellant against appellees to recover. on a joint and several promissory note payable to McLaughlin Brothers, assignors of appellant, at a bank at Mt. Ayr, Indiana, and executed by appellees. The complaint avers that said note was assigned to appellant for value before maturity. Appellees answered in six paragraphs. The first, a general denial; the second and third, pleas of *non est factum;* the fourth, that the note was given for a stallion, upon certain written warranties, that there was a breach of the warranties before the maturity of the note, that appellant was not the owner of the note, but only held it for collection for the payees; the fifth is substantially the same as the fourth; the sixth sets out the warranties that form a part of the consideration for the note and the breach thereof, and that appellant purchased the note with full knowledge of said defenses. Trial by jury, and verdict and judgment for appellees. Appellant filed a motion for a new trial, which was overruled.

The only question presented for our consideration by the assignment of errors is upon the ruling of the court on appellant's motion for a new trial. And the only question properly presented for our consideration by the motion for a new trial is that the evidence is insufficient to sustain the verdict. Appellees' plea of *non est factum* avers, in substance, that said note was signed by appellees and B. B. Miller, and that his name was signed thereto when delivered; that after the delivery of said note, and without the knowledge or consent of appellees or either of them, the name of B. B. Miller was erased, and did not appear upon the note sued on; that said Miller was a principal and jointly liable on said note, and by the erasure of his name said note was materially altered, and it was not therefore their note.

That the material alteration of a note renders it invalid in the hands of a *bona fide* holder, as well as in the hands

of the original payee, is well settled. *Young* v.
1. *Baker* (1902), 29 Ind. App. 130; *Cronkhite* v. *Nebeker* (1882), 81 Ind. 319, 42 Am. Rep. 127; *Dietz* v. *Harder* (1880), 72 Ind. 208; *Cline* v. *Guthrie* (1873), 42 Ind. 227, 13 Am. Rep. 357; *Webb* v. *Corbin* (1881), 78 Ind. 403; *Hert* v. *Oehler* (1881), 80 Ind. 83; *Erickson* v. *First Nat. Bank* (1895), 44 Neb. 622, 62 N. W. 1078, 28 L. R. A. 577, 48 Am. St. 753; *Wiltfong* v. *Schafer* (1889), 121 Ind. 264.

And the erasure of the name of one of the joint makers of a note, after delivery and without the knowledge of the other makers, is a material alteration. *Gillett* v.
2. *Sweat* (1844), 6 Ill. 475; *Nicolson* v. *Revell* (1836), 6 N. & M. 192; 2 Coke's Littleton (1st Am. ed.), §376, note 1; *Cheetham* v. *Ward* (1797), 1 Bos. & Pul. 630.

Appellant does not deny either of these propositions, but insists that the evidence does not show that said Miller signed the note. The eight other makers of the note
3. testified positively that it was the agreement that he should sign the note, and that each saw him sign his name to the same. Miller himself testified that he did not sign it. The note itself, as introduced, bears an indorsement showing a credit for $200 cash paid by said Miller. In this state of the record the fact to be determined is for the jury. It having passed upon the question, we will not weigh the evidence to determine the correctness of the jury's decision. *Terre Haute Electric Co.* v. *Kieley* (1905), 35 Ind. App. 180; *Republic Iron & Steel Co.* v. *Berkes* (1904), 162 Ind. 517.

It is also urged that the evidence does not support the averments of the fourth, fifth and sixth paragraphs of answer. This contention may be true; but since the
4. verdict is a general one, and there is nothing to show upon what paragraph of answer the jury rendered their verdict, and since, as we have seen, the evidence is

sufficient to support the second paragraph, the failure to prove the averments of the other paragraphs does not furnish grounds for reversal.

Judgment affirmed.