# PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* GERMAN INSURANCE COMPANY.

[No. 6,365. Filed March 31, 1909. Rehearing denied July 2, 1909.]

1. SUBROGATION.— *Equity.—Insurance.—Payment of.—Railroads.— Negligence.*—An insurance company which is compelled to pay for the loss of a barn destroyed by a fire negligently set by a railroad company, is subrogated to the right of maintaining an action against such railroad company for such loss. p. 269.

2. PLEADING.—*Complaint.—Motions to Make More Specific.—Railroads.—Setting Fires.*—A paragraph of complaint alleging that defendant railroad company so negligently operated its engine as to emit large and unusual sparks or coals which set the fire complained of, another, that defendant negligently used an engine that was old, out of repair, and not equipped with a properly constructed and adjusted spark-arrester, thereby causing damage to the plaintiff, are sufficiently specific. pp. 270, 271.

3. PLEADING.— *Complaint.— Negligence.—Allegations.—Evidence.*—Allegations that defendant negligently did, or omitted to do, a particular thing, is sufficient to authorize proof of the act or acts constituting the negligence complained of. p. 270.

4. PLEADING.—*Complaint.—Several Acts of Negligence.—Motions to Paragraph.*—A paragraph of complaint alleging several acts of negligence as the cause of plaintiff's damage, is proper, proof of one of such acts being sufficient; and such paragraph is not subject to a motion to separate and make each act of negligence a separate cause of action. p. 271.

5.  PLEADING.—*Complaint.—Demurrer.—Insubstantial Objections.*—
    A complaint will not be held insufficient on demurrer, because of
    insubstantial objections.   p. 271.
6.  PLEADING.—*Answer.—Nul Tiel Corporation.—Effect of.*—A plea
    of *nul tiel corporation,* in an action by an insurance company
    against a railroad company for negligently burning a barn in-
    sured by such insurance company, denies such company's author-
    ity to act in this State at the time of the commencement of the
    action, but does not deny that it is a corporation, nor that it had
    a right to contract for such insurance when the insurance was
    written.   p. 271.
7.  CORPORATIONS.—*Foreign.—Authority to do Business in State.—*
    *Subrogation.—Insurance.*—An insurance company which is not
    authorized to transact business in this State, but which insures,
    and pays for the loss of, a barn destroyed by the negligence of
    a railroad company, can, nevertheless, maintain its action against
    such railroad company for such negligence.   p. 272.
8.  PLEADING.— *Answer.— Abatement.— Corporations.— Foreign.—*
    *Authority.*—A plea denying a foreign corporation's right to trans-
    act business within this State, must be in abatement, and not in
    bar, of its action.   p. 272.
9.  RAILROADS.—*Setting Fires.—Contributory Negligence.—Evidence.*
    —In an action against a railroad company for negligently burn-
    ing a barn, the insurance company paying therefor must show
    affirmatively what it and the owners thereof did to prevent such
    destruction, since the burden of proving freedom from contribu-
    tory negligence remains upon the plaintiff in all actions except
    for personal injuries, but such freedom may be shown by direct or
    circumstantial evidence.   p. 273.

From Lake Circuit Court; *Willis C. McMahan,* Judge.

Action by the German Insurance Company of Freeport,
Illinois, against the Pittsburgh, Cincinnati, Chicago and St.
Louis Railway Company.   From a judgment for plaintiff,
defendant appeals.   *Reversed.*

*G. E. Ross,* for appellant.
*Herbert S. Barr,* for appellee.

HADLEY, J. —This was an action commenced by appellee
against appellant, to recover damages on account of insur-
ance it had paid to Love Brothers, on a policy of in-
surance covering a barn and its contents, which was
burned by a fire that was negligently set by appellant

to a large barn owned by John Wilson, and which spread from said barn to the barn of said Love Brothers. By the payment of said insurance, appellee became subrogated to the rights of Love Brothers, and brought suit in that capacity. *Lake Erie, etc., R. Co.* v. *Hobbs* (1907), 40 Ind. App. 511.

The complaint is in two paragraphs. Briefly stated, the first alleges negligence on the part of appellant in running and operating its locomotive in such a way as to emit large sparks and coals of fire, which fell upon the barn of Wilson and started the conflagration. The second charges negligence on the part of appellant in using a locomotive that was old, out of repair, in a defective condition, and not equipped with a properly constructed and adjusted spark-arrester, by reason of which large coals and sparks of fire were discharged upon said barn and caused the injury. To each paragraph of the complaint appellant filed a motion to make the same more specific as to the charges of negligence. The court overruled this motion, and the same is here presented as error. The charge of negligence in each paragraph of the complaint is very clearly made. It is also averred in each paragraph of the complaint that a more specific description of the acts of negligence cannot be given. Each paragraph was sufficiently specific, as it very clearly informed appellant of the charge it had to meet.

The allegations in a pleading, that the party complained of negligently committed the particular act, or negligently omitted to do a particular thing, which led to the injury for which redress is sought, furnishes the predicate for the proof of such incidental facts and circumstances as fairly tend to establish the negligence of the primary fact complained of. *Chicago, etc., R. Co.* v. *Barnes* (1891), 2 Ind. App. 213; *Ohio, etc., R. Co.* v. *Wrape* (1892), 4 Ind. App. 100; *Ohio, etc., R. Co.* v. *Craycraft* (1892), 5 Ind. App. 335; *Cincinnati, etc., R. Co.* v. *Chester*

MAY TERM, 1909. 271

Pittsburgh, etc., R. Co. v. German Ins. Co.—44 Ind. App. 268.

(1877), 57 Ind. 297; *Chicago, etc., R. Co.* v. *Kreig* (1899), 22 Ind. App. 393.

To have compelled appellee to comply with the motion filed would have been placing upon it not only an unnecessary burden, but also, in the nature of things, an impossible one. The facts which appellant sought to elicit by its motion were facts that were peculiarly within its own knowledge, and of which it had better opportunity of informing itself than had appellee. The motion was properly overruled as to each paragraph of complaint.

Motion was also made to require appellee to separate into paragraphs, and number, the several causes of action alleged in each of said paragraphs of the complaint. Each of said paragraphs stated only one cause of action, and the motion was properly overruled. It is well established that different negligent acts may be averred in one paragraph, and that proof of any one is sufficient to sustain the action. *New York, etc., R. Co.* v. *Callahan* (1907), 40 Ind. App. 223, and cases cited.

Appellant also demurred to each paragraph of the complaint, which demurrers were overruled. Appellant has urged numerous deficiencies in said complaint, some of which are frivolous, and all of which are unsubstantial, and it would be unprofitable to enter into a discussion of the points presented, for the reason that each is well settled under our rules of pleading, as announced by numerous decisions. *Pittsburgh, etc., R. Co.* v. *Wilson* (1904), 161 Ind. 701.

Appellant filed an answer in two paragraphs, the first of which is characterized as a plea of *nul tiel corporation,* the second, a general denial. Appellee's demurrer to the first paragraph was sustained, and this is assigned as error. This paragraph of the answer denied that there was, at the time of the commencement of the action, any such corporation as the German Insurance Company, organized and authorized to do business under the laws of

the State of Indiana. This is not a plea that appellee is not a corporation. In the first place it does not deny that appellee, in the name in which it sued—German Insurance Company of Freeport, Illinois—was organized and authorized to do business under the laws of the State of Indiana. It does not deny the corporate existence of the appellee. Conceding that it properly names appellee, the most that can be said for the plea is that it denies the right of appellee to do business in this State at the time of the commencement of the action. It does not deny it had such right when the policy was issued to Love Brothers. Neither does it show that said contract was made in this State. This falls far short of denying its right to prosecute an action sounding in tort in this State. In cases like this the insurance 7. company may maintain its action, even though it has failed to comply with our laws in respect to being authorized to do business within our boundaries.

In the case of *Phenix Ins. Co.* v. *Pennsylvania R. Co.* (1893), 134 Ind. 215, 20 L. R. A. 405, the court said of a similar case: "In this suit the appellant is not seeking to enforce any contract with a citizen of this State. It has performed its contract, and is now seeking to stand in the place of Warnes to enforce a duty which the appellee owed to Warnes. The case has passed beyond the realm of contract law. To such a case, the statute in relation to foreign corporations has no application. *Smith* v. *Little* [1879], 67 Ind. 549."

And such a plea as is set up here must be made in abatement and not in bar. *Phenix Ins. Co.* v. *Pennsylvania R. Co., supra; Elston* v. *Piggott* (1884), 94 Ind. 14; 8. *North Mercer Nat. Gas Co.* v. *Smith* (1901), 27 Ind. App. 472.

There is some conflict in the authorities on this proposition, but the more modern and reasonable rule is as is shown by the authorities cited. The demurrer to this paragraph of answer was properly sustained.

MAY TERM, 1909.    273

Pittsburgh, etc., R. Co. *v.* German Ins. Co.—44 Ind. App. 268.

Appellant insists that its motion for a new trial should have been sustained, for the reason that the evidence fails to show that appellee and the Love Brothers, in whose right it sues, were free from negligence contributing to the injury complained of. Upon examination of the record, we find that it fails to show anything directly upon this question. The evidence shows that Samuel Love, one of the owners, heard of the fire shortly after it broke out in the Wilson barn; that he hurried to the scene, and, when a short distance away, discovered that the northwest corner of his barn was on fire. He then proceeded to the scene of conflagration. It is not disclosed whether, after he arrived, he did anything, or whether it was possible for him to do anything to protect his property. It is shown by the evidence that his brother, James Love, was an equal partner in the property. As to where James was at the time of the fire, and what he did or attempted to do, is not disclosed by any evidence. Neither are there any facts showing whether appellee had any agent at the scene of the fire or in the town, and, if so, where he was and what he did, nor that would suggest or compel an inference that appellee or the Love Brothers did anything to protect the property of which appellee was the insurer, nor that it had notice of the fire, or an opportunity to take any steps to protect the property therefrom. In fact, on this question there is an entire absence of testimony or evidence. Appellee contends that the evidence shows that nothing could have been done by appellee or Love Brothers to save the property, and that therefore the case comes within the rule that where facts are shown that exclude the probability of negligence on the part of the person suing, the presumption of contributory negligence is overthrown, and no other or direct evidence is necessary to sustain appellee's case. *Tien* v. *Louisville, etc., R. Co.* (1896), 15 Ind. App. 304; *Pittsburgh, etc., R. Co.* v. *Welch* (1895), 12 Ind. App. 433; *Duffy* v. *Howard* (1881), 77 Ind. 182; *Wahl* v. *Shoulders* (1896), 14 Ind. App. 665.

But we do not think that the evidence in the case before us arises to the standard required to bring it within the rule stated. The evidence might be sufficient to rebut the presumption, with reference to the burning of the Wilson barn, but the record is absolutely silent as to the conditions surrounding the fire at the Love Brothers' barn, except that the record shows that said barn was within forty feet of the Wilson barn; that the Wilson barn was consumed within ten or fifteen minutes after the fire was discovered, and that the Love Brothers' barn caught fire from the Wilson barn. The rule in such cases is well settled, that the plaintiff must show by a fair preponderance of the evidence that his own negligence did not contribute to the injury; and while it is not necessary that this be shown by direct evidence, yet such facts and circumstances must be shown as to warrant the jury in drawing the inference that such contributory negligence did not exist. *Wahl* v. *Shoulders, supra; Lake Erie, etc., R. Co.* v. *Keiser* (1900), 25 Ind. App. 417; *Wabash R. Co.* v. *Miller* (1897), 18 Ind. App. 549, and cases cited.

In the case last cited, the court say: "Where, as in this State, the burden rests upon the plaintiff to show his want of contributory negligence, it becomes necessary for him to show whether or not he or his servant in charge of the property had knowledge of the existence of the fire during its progress, and if it is not made to appear that such knowledge did not exist, then it devolves upon the plaintiff to show what efforts were made to save him from loss, and it is incumbent upon him to prove the use of efforts reasonable under the circumstances."

For the failure of appellee to prove anything upon this point, the cause must be reversed.

There are other questions presented which will not necessarily arise on a retrial, and are therefore not considered in this opinion.

Judgment reversed, with instructions to grant a new trial.