### LOWENSTINE v. CITRO.

[No. 10,629.   Filed December 22, 1920.]

1. NAMES.—*Assumed Business Name.*—*Failure to File Certificate.*—*Effect.*—*Statute.*—Even though the act (Acts 1909 p. 358, §9711a *et seq.* Burns 1914), requiring a person conducting a business in this state under an assumed or trade name to file a certificate with the county clerk showing his real name and residence, applies to a trader operating under an assumed name, he is, at most, precluded from transacting business in the state until he has complied with the statute, and is not

Lowenstine *v.* Citro—74 Ind. App. 516.

thereby barred from bringing tort action in replevin. (*Horning* v. *McGill* [1917], 189 Ind. 332, distinguished.)    p. 520.

2.   REPLEVIN.—*Evidence.—Sufficiency.—Purchase of Goods From Unauthorized Agent.*—In an action to replevin merchandise alleged to have been wrongfully sold by plaintiff's agent, a verdict for plaintiff is warranted by evidence showing that plaintiff's special agent from whom the goods were purchased by defendant had no authority to make the sale.   p. 521.

3.   PRINCIPAL AND AGENT.—*Contract with Special Agent.*—One dealing with a special agent is bound to know that the agent was acting within the scope of his employment and instruction. p. 521.

4.   EVIDENCE.—*Principal and Agent.—Scope of Agent's Authority.*—In an action in replevin to recover goods alleged by plaintiff to have been sold by his special agent without authority, the admission in evidence of a report of the agent and another made to plaintiff showing the amount of goods on hand and daily disposition of goods, etc., although in the nature of self-serving declarations, was properly admitted to show the extent of the special agent's authority.   p. 521.

5.   APPEAL.—*Review.—Harmless Error.—Admission of Evidence.*—In an action to replevin a stock of goods alleged to have been wrongfully sold by plaintiff's special agent, where an inventory made by the agent showing the amount of goods on hand, cost prices, etc., was admissible to show the extent of the agent's authority, its admission was harmless, though statements therein as to the quantity or value were in the nature of self-serving declarations, where the inventory was in that respect merely cumulative of ample evidence to show the value of the goods in controversy.   p. 522.

From Marshall Circuit Court; *Smith N. Stevens,* Judge.

Action by Louis Citro against Moe Lowenstine. From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*L. M. Lauer* and *J. W. Kitch,* for appellant.
*Harley A. Logan,* for appellee.

NICHOLS, J.—Action by appellee against appellant in replevin.   Plea in abatement to which appellee's demurrer was sustained.   Answer in three paragraphs, denial and two affirmative paragraphs.   Appellee's de-

murrer to third paragraph sustained. Reply in denial to second paragraph of answer. Trial by jury, and verdict for appellee. Appellant's motion for a new trial overruled. The respective errors assigned are the court's ruling in sustaining the demurrer to the plea in abatement, in sustaining the demurrer to the third paragraph of answer, and in overruling the motion for a new trial.

It is averred in the plea in abatement that appellee, under the name of the Citro Boarding and Commissary Company, owned a place of business or store in the town of Bremen, Marshall county, Indiana, and had in full charge of such business one George Moore, who was appellee's general agent. On September 8, 1918, appellant purchased of said Moore the goods set out in the complaint, he being then the general agent, paying therefor $140, which was a fair price, and appellant took possession under such purchase. It is averred therein that appellee is a nonresident of the state, and at the time of the purchase was conducting the business in said town of Bremen, under the name of Citro Boarding and Commissary Company aforesaid, and that he had not then or theretofore filed a certificate in the office of the clerk of the circuit court of Marshall county, Indiana, stating the full name and residence of each person engaged in or transacting such business, and that at such time the business was being conducted by appellee, Louis Citro, as a sole trader, under said name, in violation of the laws of the state.

In this case appellee is not seeking to enforce any contract, but is seeking to recover for the wrongful act of appellant in taking his property. There was no contract relation between them. Appellee's action is in tort.

In the case of the *Phenix Ins. Co.* v. *Pennsylvania R. Co.* (1893), 134 Ind. 215, 33 N. E. 970, 20 L. R. A. 405,

by appellee's negligence, property which had been in-sured by appellant was destroyed by fire. Appellant, having paid the loss by the terms of the policy, sued appellee for damages. Appellee answered that appellant was a foreign corporation, and that it had not complied with the statute authorizing it to transact business in Marshall county, Indiana. The court, reversing the trial court, held that the demurrer to the answer should have been sustained, saying: "The case has passed beyond the realm of contract law. To such a case, the statute in relation to foreign corporations has no application."

In *Pittsburgh, etc., R. Co.* v. *German Ins. Co.* (1909), 44 Ind. App. 268, 87 N. E. 995, the facts were substantially the same as in the Phenix Insurance Company case, and appellant filed an answer which was construed to deny appellee's right to do business in the state. The court in approving the trial court's ruling in sustaining the demurrer to such answer, said: "This falls far short of denying its right to prosecute an action sounding in tort in this State. In cases like this the insurance company may maintain its action, even though it has failed to comply with our laws in respect to being authorized to do business within our boundaries."

In *Wabash R. Co.* v. *Kelley* (1899), 153 Ind. 119, 52 N. E. 152, 54 N. E. 752, the court, quoting from 9 Am. and Eng. Ency. Law 910, and from *Stockwell* v. *State*, 101 Ind. 1, states general principles of law as follows: " 'An innocent party, defrauded by a guilty one, may have redress as to him.' The law is aimed at the wrongdoer. * * * 'The general rule is that contracts in violation of law are void, but this rule will not be extended and applied to a case like this, so as to enable the wrongdoer to take advantage of his own wrong against an innocent party.' "

In *Smith* v. *Little* (1879), 67 Ind. 549, appellant's action was in replevin to recover certain sewing machines which had been sold to appellees for storage charges. There was an answer that appellant was the agent of the Singer Sewing Machine Company, a foreign corporation, that had not complied with the law of the state authorizing it to do business in the state. Demurrer to this answer was overruled. The court, reversing the trial court, said: "It is certain, however, we think, that the provisions of the act respecting foreign corporations and their agents in this State are applicable only to actions brought for the enforcement of contracts, and have no applicability whatever to actions, such as this, brought by a foreign corporation, or its agent, to recover the possession of its property."

In the instant case, even if the act were intended to apply to appellee, the most that can be said is that appellee was precluded from transacting business 1. in the state until he had complied with the statute. He had not been transacting business with appellant, nor was he seeking to enforce any contract. He was seeking to redress a wrong. Appellant cites *Horning* v. *McGill* (1919), 188 Ind. 332, 116 N. E. 303, as sustaining his contention, but in that case appellant's action grew out of a contract into which appellant and appellee had entered, which contract the court held was void because of appellant's failure to comply with the statute. The case is readily distinguished from the one at bar.

The demurrer to the plea in abatement was properly sustained. The theory of the third paragraph of answer is the same as that of the plea in abatement, and for the reasons above the demurrer was properly sustained thereto.

The second paragraph of answer contains the averments as to general agency and purchase at a fair price

substantially as set out above in a part of the plea in abatement.

Appellant contends that there was absolutely no evidence to warrant the jury in finding a verdict against appellant in replevin. With this contention we

2. do not agree. It appears by the evidence that appellee was engaged with divers railroads that were making extensions and improvements through contractors who were hiring men for the purpose of supplying such men with clothing, food, tobacco and other merchandise, and that he was operating such a business in connection with the Baltimore and Ohio Railroad Company at Bremen. It appears that one Moore was working at such plant in the capacity of clerk of commissary. The jury heard the evidence as to the duties he performed, and as to the extent of his authority, and have rightly found by their general verdict that he was not a general agent of appellee. Being, at most,

3. a special agent, appellant was bound to know in dealing with him that he was acting within the scope of his employment and instruction. The

2. jury has found by its general verdict that there was nothing in Moore's employment, which was as a clerk of commissary to deal out supplies to individual railroad employes, that justified an inference that he was authorized to sell the stock entrusted to him for the purpose aforesaid, or any considerable portion thereof in bulk to third parties. There is ample evidence to sustain the verdict of the jury as to the value of the goods. The verdict is sustained by sufficient evidence and is not contrary to law.

Appellant insists that the admission in evidence of a report made September 4 and 5, 1918, by Moore and the cook to appellee showing the amount of goods

4. on hand and the amount issued, amount received each day, balance on hand each day, and costs of

different articles, was reversible error. As a general rule such evidence should be excluded as self-serving declarations, but in this case the character of Moore's employment was in controversy, and the report was competent in evidence for the purpose of showing the nature of the duties performed, and the extent of his authority. It will be observed that it was Moore's duty *to issue* the goods kept by him from day to day, and that the report was made, not alone by him, but by him and his cook.

In *Thompson* v. *Michigan, etc., Ins. Co.* (1914), 56 Ind. App. 502, 105 N. E. 780, the following rule is quoted from Storey on Agency: "'Whatever acts are usually done by such class of agents, whatever rights are usually exercised by them, and whatever duties are usually attached to them, all such acts, rights and duties are allowed to be incidents to the authority confided to them in their particular business, employment, or character.'" As there was ample evidence to sustain the amount of the verdict, any statements in the report as to quantity or value of the goods was cumulative, and as such its admission did not constitute reversible error. 1 Ind. Digest, Appeal, §1051. Other errors are specified in the motion for a new trial but as they are only mentioned, not discussed, we do not consider them. The judgment is affirmed.