BORENSTEIN, ADMINISTRATOR *v.* UHL

[No. 15,993.  Filed April 10, 1939.  Rehearing denied
October 18, 1939.]

*Jackiel W. Joseph,* and *Theodore R. Dann,* for appellant.

*Smith, Remster, Smith & Hornbrook, Paul Y. Davis, Kurt F. Pantzer, Ernest R. Baltzell, William G. Sparks,* and *Gustav H. Dongus,* for appellee.

BRIDWELL, J.—Appellee brought this action against one Annie Borenstein, now deceased, to recover a commission alleged to be due him for procuring a tenant for certain real estate then owned by said decedent, and located in the city of Indianapolis, Indiana. The complaint was in ten paragraphs, each paragraph seeking to recover the commission claimed. An answer in three paragraphs was filed, the first paragraph being a general denial; the second alleging in substance that the tenant secured by appellee was a foreign corporation not authorized to transact business in this state, and that the lease procured through the efforts and negotiations of the appellee was "unlawful and void," and that appellee had "a direct pecuniary interest" in its procurement; the third paragraph avers, among other things, that the commission, if any, that appellee was entitled to recover was to be based on the total amount of rents collected, and proceeds upon the theory of a partial failure of consideration in that the lessee did not occupy the premises leased for the full period of time as provided by the lease. A reply in general denial to the second and third paragraphs of answer closed the issues. The cause was submitted for trial to a jury, and at the close of the evidence, appellee dismissed all except the fourth, fifth, sixth and tenth paragraphs of his complaint. The jury returned its

verdict in favor of appellee, in the sum of $1500.00. In due course, the said Annie Borenstein filed her motion for a new trial. During its pendency she died, and thereafter Louis J. Borenstein, administrator of her estate, was substituted as party defendant. The motion for a new trial was overruled, judgment was rendered on the verdict, and this appeal perfected. The error assigned is the overruling of the motion for a new trial.

The causes assigned for a new trial, and presented on appeal are: That the verdict of the jury is not sustained by sufficient evidence; that said verdict is contrary to law; error in the giving of instruction numbered five, tendered by appellee, and in refusing to give instruction numbered six, tendered by appellant's decedent.

The four paragraphs of complaint remaining in the record when the jury was instructed contained similar allegations concerning the services rendered by appellee to appellant's decedent, but differ in that the fourth paragraph avers that said decedent agreed to pay a reasonable compensation for the services rendered; the fifth paragraph that said decedent agreed to pay the regular fixed commission adopted by the Indianapolis Real Estate Board, in force and effect at the time of the rendition of such services and applicable thereto; the sixth paragraph that the commission to be paid under the agreement was the "usual commission obtaining in the city of Indianapolis and vicinity;" while the tenth paragraph sought recovery for "work, labor and services rendered by the plaintiff to the defendant, at the defendant's special instance and request, in procuring a tenant for real estate owned by the defendant in the city of Indianapolis."

The verdict returned was a general verdict, and

it is not possible to determine from the verdict upon which paragraph of complaint it was awarded.

■ Under such circumstances, if there be sufficient evidence to sustain the verdict upon either of the four paragraphs of complaint, the judgment rendered on the verdict will not be disturbed, even though there may not be sufficient evidence to justify a verdict upon some one or more of the other paragraphs of complaint.

In determining the questions before us for consideration, we must keep in mind the issues submitted to the jury for its decision. This is not an action to enforce any term or provision of the lease contract entered into between appellant's decedent and the Kirk Property Company, but to the contrary, is one to recover an amount alleged to be due for services rendered by appellee for said decedent, three paragraphs of the complaint alleging rendition of services under an agreement as to the amount of the commission to be paid, while the tenth paragraph avers services were rendered at the special instance and request of said decedent, and seeks recovery of the reasonable value thereof.

Upon reading the evidence, we find it to be exceedingly conflicting as to many material facts provable under the issues. There seems to be a lack of evidence to sustain *all* the material allegations of either the fourth, fifth or sixth paragraphs of complaint. Each of these paragraphs allege, among other facts pleaded, that the tenant procured by appellee was the Kirk Property Company, and the appellee himself at the trial of the cause testified that he had never heard of The Kirk Property Company prior to the time the lease was executed, and first learned of the existence of such corporation through his attorney.

On appeal from a judgment rendered on a general

verdict where issues were joined and submitted to a jury for decision upon more than one paragraph of complaint, it will be presumed that such verdict was rendered upon that paragraph of the complaint, if any, under which the evidence is sufficient to sustain said verdict. See *Citizens Savings Bank* v. *Halstead* (1908), 42 Ind. App. 79, 81, 84 N. E. 1098. This necessitates our consideration of the sufficiency of the evidence to sustain this verdict under the issues joined on the tenth paragraph of complaint.

This record discloses evidence to establish facts which may be summarized as follows: Appellee during the months of September and October, 1931, and for many years prior thereto, was engaged in the real estate business in the city of Indianapolis, Indiana; Annie Borenstein owned a business property located on South Meridian Street in said city, and Louis J. Borenstein during said months of September and October was her duly authorized agent in charge of said property for rental purposes; a corporation, spoken of as The Kirk Furniture Company and as The Kirk Company by some of the witnesses testifying, had been operating a furniture store in the Lombard building in said city, and appellee, having knowledge of the fact that a different location was desired by said company, made inquiry by telephone of the agent in charge of the Borenstein building as to its availability, and whether a commission would be paid if he procured a tenant for said building, and was informed that the building was for rent and that a commission would be paid. Later appellee in a personal interview disclosed to said agent that it was "the Kirk people who were occupying the Lombard building at that time" whom he had in view as a prospective tenant. Negotiations concern-

ing the rental of the Borenstein building, participated in by appellee, the rental agent, and representatives of the prospective tenant, were had at different times during said months of September and October, said negotiations eventually resulting in the execution of a written lease between Annie Borenstein and The Kirk Property Company for the rental of said building for a term of three years, at the price of twelve thousand dollars for the first year, thirteen thousand dollars for the second year, and fifteen thousand dollars for the third year. When this written lease was prepared by the rental agent, the name of the lessee originally inserted therein was The Kirk Company of Indiana, an Indiana corporation which had purchased at a receiver's sale the assets of The Kirk Company which had previously operated a furniture store in the said Lombard building, but on the day the lease was finally executed by both parties thereto, the name was changed, and The Kirk Property Company, a foreign corporation not authorized in accordance with the laws of this state to transact business in Indiana, was named as lessee. Afterwards the stock of merchandise previously located in the Lombard building was moved to the Borenstein building, and a ''furniture store'' operated therein for a period of approximately eighteen months by The Kirk Company of Indiana, for which occupancy a rental to the amount of $18,199.98 was paid. Appellee, prior to the execution of the lease, had no knowledge concerning The Kirk Property Company, incorporated in Ohio in September of 1931, nor that it was substituted as lessee, until after this substitution had been made. The same individuals who were purportedly acting for the ''Kirk people'' continued to act throughout the entire transaction.

There was also evidence introduced from which the jury could determine what the amount of any recovery by appellee should be, but since there is no contention made concerning the amount of the recovery being too large, we refrain from detailing such evidence.

There is no evidence that appellee, in performing the services for which he seeks to recover, did any wrongful or illegal act, and there is evidence from which the jury may have reasonably arrived at the conclusion that due to his efforts and solicitations appellant's decedent procured a tenant which occupied the building leased, and from which occupancy she, or her estate, derived the benefits of the rental paid.

Instruction five, tendered by appellee, and given by the court, is as follows:

If you should find from the evidence that defendant was employed by plaintiff and procured a tenant for defendant's property, as alleged in the complaint, the fact, if it be a fact, that such tenant was a foreign corporation not authorized to do business in Indiana, would not render any lease entered into with such tenant void or unenforceable, and would not be a defense to this suit if, under the other issues and evidence, you should find that plaintiff is entitled to recover.''

Instruction numbered six, tendered by appellant, and refused by the court, requested that the jury be instructed that its verdict should be for the defendant, if it found that The Kirk Property Company was a foreign corporation, organized under the laws of Ohio, and had not qualified as a foreign corporation to transact business in Indiana. It contained other elements not necessary to be set forth here inasmuch as appellant states that identical questions

of law are presented by the claimed error in the giving of instruction five, and the refusal to give of said instruction six.

Under the issues and evidence in the instant case, we are of the opinion that neither the giving of the one, nor the refusal to give the other of the two instructions in question constituted reversible error. As heretofore stated, this action is not to enforce any term or provision of the lease, and there is evidence at least tending to prove that appellee procured as a tenant for the Borenstein building The Kirk Company of Indiana, which actually occupied said premises under the lease, and that after the rendition of this service, the same individuals who acted for said Kirk Company of Indiana, together with the agents of the decedent in charge of the rental of the building, struck from the lease originally prepared the name of the said Kirk Company of Indiana, and inserted as Lessee the Kirk Property Company. This action on their part would not result in destroying appellee's right to recover a commission if he was otherwise entitled to do so.

In the summary of the evidence heretofore given, we have considered only the evidence favorable to appellee. From evidence disclosed by the record many different inferences as to the facts might reasonably be drawn. It was the province of the jury to weigh the evidence in the first instance, and thereafter, upon the filing of a motion for a new trial and before any ruling thereon, this duty was imposed by law upon the trial court. On appeal this court is not permitted to weigh the evidence, but we determine only if there be competent evidence to sustain the verdict rendered, and in the instant case we find evidence sufficient for that purpose, upon the is-

sues submitted for decision under the tenth paragraph of complaint.

We do not deem it either necessary or desirable that this opinion be lengthened by a discussion of the question as to whether the lease here involved was void, or, under the evidence, an enforceable contract between the immediate parties thereto. For cases bearing upon this subject-matter, see: *Peter & Burghard Stone Co.* v. *Carper* (1933), 96 Ind. App. 554, 172 N. E. 319; *Selph* v. *Illinois Pipe Line Co.* (1934), 206 Ind. 490, 190 N. E. 191; *Barricklow* v. *Stewart* (1903), 31 Ind. App. 446, 450, 68 N. E. 316; *Phenix Ins. Co.* v. *Penn. R. R. Co.* (1893), 134 Ind. 215, 220, 33 N. E. 970. For cases discussing the right to recover a commission where there has been a failure to comply with statutory requirements, or where illegality of the contract is interposed as a defense, see: *Pape* v. *Wright* (1889), 116 Ind. 502, 19 N. E. 459; *Wright* v. *Crabbs* (1881), 78 Ind. 487; *Whitesides* v. *Hunt* (1884), 97 Ind. 191.

Finding no reversible error, the judgment is affirmed.