## STERRETT v. HYDRO–UNITED TIRE COR-PORATION.

District Court, E. D. Pennsylvania. April 25, 1929.

No. 14454.

W. Logan MacCoy and MacCoy, Evans, Hutchinson & Lewis, all of Philadelphia, Pa., for plaintiff.

William A. Gray, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge. The statement of claim shows that this is a suit upon five promissory notes, aggregating $100,000, all of which were made by the defendant, a Delaware corporation. Three of the notes, aggregating $50,000, were made to the order of Robert L. Pierrepont, a citizen of New York, and delivered to him for value. The other two notes, aggregating $50,000, were made to the order of Seth L. Pierrepont. a citizen of Connecticut, and delivered to him for value. The notes, being unpaid at maturity, were thereafter indorsed in blank by the Pierreponts, the holders, and delivered to Robert J. Sterrett, a citizen and resident of Pennsylvania, who brings this suit.

The motion to dismiss raises the question whether the assignee of a note can bring suit against the maker in the district in which the assignee resides, when the assignor, a citizen and resident of a different state from that of the defendant, does not reside in that district. Judicial Code, § 51, amended (U. S. C. title 28, § 112 [28 USCA § 112]), provides that, "where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." This act relates to venue and assumes jurisdiction already attached. It is a limiting statute, and allows suit to be brought in the district in which the plaintiff is a resident. In this case Sterrett, the assignee, is a resident of this district. If the District Court of this district has jurisdiction, the venue is properly here. The real question, therefore, is whether this court has jurisdiction.

Section 24, amended, of the Judicial Code (U. S. C. title 28, § 41 [28 USCA § 41]) provides as follows: "No District Court shall have cognizance of any suit (except upon foreign bills of exchange) to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any Corporation, unless such suit might have been prosecuted in such Court to recover upon said note or other chose in action if no assignment had been made." The statute is awkwardly worded, but its effect is to deny jurisdiction to the federal courts in all suits upon assigned choses in action other than foreign bills of exchange and instruments made by corporations which are payable to bearer, "unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made."

In this case it is conceded that, if no assignment had been made, the claim would have been properly a subject of federal jurisdiction. It is also true that, if no assignment had been made, venue could not have been laid in the Eastern district of Pennsylvania, but the suit could have been brought only in Delaware, or the state of residence of either one of the holders of the notes, which would have been either New York or Connecticut. The defendant contends that the words "such court" in section 24, as amended, of the Judicial Code (28 USCA § 41), refer to the particular court in which suit is brought, and not the District Courts of the United States generally.

There is sharp conflict of authority upon this question, and it does not seem to have been decided in this circuit, although a dictum

in an opinion by Judge Lanning in Dulles v. Crippen Mfg. Co., 156 F. 706 (C. C. N. J.), seems to indicate that that court accepted the plaintiff's contention as sound. The leading case sustaining the plaintiff's view is Bolles v. Lehigh Valley R. Co., 127 F. 884 (C. C. S. D. N. Y.). This was followed by Stimson v. United Wrapping Mach. Co., 156 F. 298 (C. C. W. D. N. Y.). In the latter case, Judge Hazel said: "If the law were as contended by the plaintiff, namely, that the assignor must have been able to begin the action in this district in order to give the assignee such right, it would, of course, follow that the chose in action could only be assigned to a resident of the district of the assignor to give the Circuit Court of the United States jurisdiction. Such interpretation of the removal statute is not warranted, and I think that if the assignor, before the assignment, could have prosecuted the action in the federal Circuit Court, the assignee, if the requisite diversity of citizenship exists, can prosecute the action in the district of which he is a resident or in that of the defendant." These cases are also followed in Whitman v. Taubel (C. C.) 168 F. 1023. The author of Williams on Federal Practice (2d Ed., 1927), after reviewing all of the cases says: "I further believe that the words 'in such court' do not, in themselves, involve the requirement of any particular venue, and that the prohibition against suits by assignees has absolutely no reference to venue at all."

Opposed to these decisions, is the later case of the Consolidated Rubber Tire Co. v. Ferguson, 183 F. 756, in the Circuit Court of Appeals for the Second Circuit. In this case a British Corporation assigned the claim to a citizen of the Southern District of New York, in which district suit was brought upon the claim against a New Jersey corporation. It was decided that the suit could not be maintained over the defendant's protest, in an opinion in which the court said: "These provisions of the act are of course to be read together. All the statutory conditions are satisfied provided the plaintiff's assignor could itself maintain the action. The plaintiff's assignor, the British corporation, could not have brought suit in the Southern District of New York against the defendant, because it cannot be an inhabitant of any place outside of the State of New Jersey, which incorporated it."

While it is true that the provisions of the act are to be read together, it must not be overlooked that they deal with different subjects. Section 24 of the Judicial Code relates to jurisdiction, and is not concerned with venue, which was the subject of the later section. The paramount purpose and intent of the earlier section was to prevent citizens of the same state from creating a diversity of citizenship by assignment. Lipschitz v. Napa Fruit Co., 223 F. 698 (C. C. A. 2d Circ.). See, also, Chase v. Sheldon Roller-Mills Co. (C. C.) 56 F. 625; Davis v. Mills (C. C.) 99 F. 39; Holmes v. Goldsmith, 147 U. S. 150, 13 S. Ct. 288, 37 L. Ed. 118. It was enacted for the protection of the federal courts generally from being burdened with cases which were really controversies which arose between citizens of the same state, and which ought to be disposed of by state courts under state laws. This purpose could be fully accomplished without any necessity for restricting the venue. Both the weight of authority and the better reason seem to be upon the side of sustaining the jurisdiction.

The defendant also raises the question that this assignment is colorable merely, being after maturity and without consideration. There is nothing in the record to present this issue to the court, and that would be sufficient ground for denying it. However, as was said in Stanley v. Board of Supervisors (C. C.) 15 F. 483: "The assignment was not made for the purpose of 'creating a case' within the jurisdiction of the court, for such a case was already in existence. * * * Where a party, who is entitled to sue in the federal courts, transfers his cause of action to another, who has the same right, of what moment is it that the transfer was for an inadequate consideration, or was wholly without consideration, so long as the legal title is transferred?" See, also, Benedict v. Seiberling (D. C.) 17 F.(2d) 841.

As to the third question raised by the defendant's answer, that the plaintiff has not averred in his statement of claim that the defendant is doing business in this district, this is a matter of fact. The motion to set aside the service does not suggest that the defendant is not doing business here. Unless the defendant raises this as an issue of fact, it will not be considered.

The motions to dismiss and to set aside the service are denied.