## SELPH v. ILLINOIS PIPE LINE COMPANY.

[No. 26,028.   Filed May 3, 1934.]

*Charles A. Lowe, Robert E. Kestner,* and *Ed. J. Hayes, Jr.,* for appellant.

*Estal Bielby, Virgil M. Simmons,* and *Abram Simmons,* for appellee.

HUGHES, J.—This was an action to quiet title to real estate alleged to belong to the appellant in Dearborn County, Indiana, over which the appellee was claiming an easement for right of way for its pipe line and telephone and telegraph poles by virtue of certain contracts.

The complaint was in one paragraph alleging ownership by the appellant, and the appellee was claiming an interest therein adverse to the appellant. The appellee filed a general denial to the complaint. The cause was tried by the court and a finding and judgment was given the appellee.

The appellant has assigned as error the overruling of his motion for a new trial. The reasons for a new trial are as follows:

(1) The court erred in permitting the witness, F. J. Sargent, on direct examination by the defendant, over the objection of the plaintiff, to answer the following question propounded to him by the defendant.

Q. "You may state to the court whether or not the Illinois Pipe Line is under the supervision of the Interstate Commission?"

Whereupon the plaintiff interposed the following objection:

Mr. Love: "We object to that, that is a conclusion of the witness as to whether or not they are under the supervision of the Interstate Commerce Commission of the United States." The objection was overruled and the witness answered: A. "I would not say supervising, but I would say jurisdiction and direction as they direct our work generally."

(2) The court erred in admitting in evidence the defendant's exhibit No. 4, to the introduction of which the plaintiff offered the following objection:

The plaintiff objects to the offered evidence for the reason that it does not appear to have been approved by the Interstate Commerce Commission of the United States but appears to be a paper published by the Illinois Pipe Line Company setting out upon its face that it is issued by O. F. Moore, Secretary of the Illinois Pipe Line Company at Findlay, Ohio, and for that reason it is a self-serving document put out by the defendant in this case, and could in no wise bind the plaintiff, and also because it does not appear to have been approved by the Interstate Commerce Commission. The objection was overruled.

(3) The court erred in admitting in evidence the defendant's Exhibit No. 3, to the introduction of which

the plaintiff interposed the following objection: We object to the introduction of the offered evidence for the reason that it appears to be the action of a party or corporation who is not a party to this suit, and for the further reason that it does not appear to have been approved by the Interstate Commerce Commission and can be, at least, only a self-serving declaration. The objection was overruled.

(4) The decision of the court was not sustained by sufficient evidence.

(5) The decision of the court is contrary to law.

It appears from the record that on January 15, 1929, the appellant, in consideration of $24.00, executed a right of way agreement to the appellee to operate, lay, maintain, and remove a pipe line across the land of appellant. And on the 21st day of February, 1929, over the same land, the appellant, in consideration of $10.00, executed a right of way agreement to the appellee for the purpose of erecting, maintaining, and removing telephone and telegraph poles and the necessary wires and fixtures.

It is the main contention of appellant that the foregoing contracts were void for the reason that the appellee at the time of making of the contracts was a foreign corporation and had not complied with the Indiana law with reference to the admission of foreign corporations to do business in Indiana. The appellant has reference to sections 4909-4918, Burns Ann. St. 1926, the same being ch. 176, Acts 1907, p. 286. The above question is thoroughly discussed in the case of *Peter and Burghard Stone Co.* v. *Carper* (1933), 96 Ind. App. 554, 172 N. E. 319, and the case of *U. S. Construction Company* v. *Hamilton National Bank* (1920), 73 Ind. App. 149, 126 N. E. 866, overruled.

In the Peter and Burghard Stone Co. case the Court held that although a foreign corporation enters into a

contract before a compliance with the statute this fact does not render the contract void, and if, after the execution of the contract, but before suit, the corporation complies with the statute then an action may be maintained by the corporation upon the contract. In this case all of the cases in this state upon the question at issue were collected and considered as well as cases from many other jurisdictions. The case is well considered and reasoned and we do not consider it necessary to dwell further upon the law as decided in that case.

In the instant case it is shown that the appellee complied with the law relating to foreign corporations on April 1, 1929, prior to the commencement of this action of the appellant to quiet title, and it must also be remembered that the appellee was not the moving party. The action was brought and maintained by the appellant. However, if the appellee had been the plaintiff in the lower court to quiet its title to the right of way in question, under the facts as presented, it would have had the right to maintain its action. There was nothing illegal or immoral in the execution of the contracts and they were not void. *Peter and Burghard Stone Co. v. Carper, supra.*

One of the contentions of appellee was to the effect that it was engaged in interstate commerce and therefore did not come within the statutes in question. The appellant and appellee have given this question considerable consideration in their briefs. We do not feel that it is necessary for us in this opinion to go into this question. It is not necessary to decide this question in order to dispose of this case. The vital question and contention presented by the appellant is, that the contracts involved were void because appellee was a foreign corporation and had not qualified to transact business in this state at the time said contracts were entered into. And as the Peter and Burghard Stone Co. case decided this

proposition adversely to the contention of the appellant, and in favor of the position taken by the appellee, it is not necessary to discuss the interstate commerce feature of the case.

We do not think the court erred in its rulings as set out in reasons one, two, and three for a new trial and it is clear under the evidence, no harm was done the appellant by reason of any said rulings. When the merits of a cause have been fairly tried and determined below, the judgment will not be reversed for mere technicalities where no harm was done the appellant.

We are of the opinion that the evidence was sufficient to sustain the decision of the lower court and that it was not contrary to law.

Judgment affirmed.