BARNETT ET AL. *v.* CENTRAL REPUBLIC BANK AND
TRUST COMPANY ET AL.

[No. 15,014.   Filed June 19, 1935.]

*J. D. Kennedy,* and *Fred Barnett,* for appellants.

*Tinkham & Galvin,* for appellees.

KIME, J.—This action was brought by the Chicago Trust Company and Willard T. Hopkins, as trustees,

against Citizens National Bank, Trustee, Hammond National Bank & Trust Company, Edna M. Barnett and Fred Barnett, her husband, and Julian H. Youche, to foreclose a mortgage given by appellants to secure the payment of a note in the principal sum of $5,400.00 bearing interest at six per cent per annum, payable semiannually.

The complaint was in one paragraph and alleged the execution, endorsement and delivery of the note, the execution and delivery of the mortgage, the default in payments by appellants as provided in said note and mortgage, by reason of which default appellees were entitled to declare a forfeiture and foreclose the mortgage. Plaintiffs below prayed for a personal judgment against the makers of the note and for a foreclosure of the mortgage and sale of the real estate encumbered to satisfy the judgment, interest, attorneys' fees, and costs.

During the pendency of this action a verified petition was filed setting forth the consolidation of the Chicago Trust Company with the Central Republic Bank and Trust Company and further alleging the death of the individual trustee, Willard F. Hopkins, and the appointment of Arthur J. Baer, as successor individual trustee. Upon motion of the Central Republic Bank and Trust Company, a corporation, successor by consolidation to Chicago Trust Company, a corporation, and Arthur J. Baer, successor in trust to Willard F. Hopkins, individual trustee, as trustees, were substituted as plaintiffs in this action.

Later the Central Republic Bank and Trust Company and Arthur J. Baer, as trustees, filed their supplemental complaint against the appellants, alleging that in violation of certain covenants contained in the mortgage, appellants had failed and neglected to pay certain taxes and special assessments levied against said premises; that appellants permitted said premises to be sold at a

tax sale and that in order to protect the lien of their mortgage plaintiffs below were compelled to pay certain taxes and assessments and make redemption from a tax sale and said plaintiffs asked that the amounts so expended by them should be found and added to the amount of their claim sued upon as provided in said mortgage.

In September, 1931, appellants filed their answer in general denial and in January, 1932, appellant, Edna M. Barnett, filed her second and third paragraphs of answer, the second being a plea of payment. On September 15, 1932, she asked leave to file an amended third paragraph of answer. The court granted such request and time was given until September 24, 1932, to file the same. On September 26, 1932, she filed in open court an amended third paragraph of answer alleging in substance that the Central Republic Bank and Trust Company is the successor in title to the rights and interest of the former plaintiff, Chicago Trust Company, which latter company was a corporation chartered for pecuniary profit and existing under the laws of the state of Illinois with its principal office in said state; that it had not been duly licensed by the state of Indiana to transact business herein as a foreign corporation, notwithstanding that said company at the time of making the loan in question, and long prior thereto, maintained an office in Lake county, where appellant negotiated and procured her loan; that the Chicago Trust Company was consolidated into and with the appellee, Central Republic Bank and Trust Company, and that the former company thereupon ceased to function as a corporation and, therefore, could not thereafter comply with the Foreign Corporation Act of Indiana and for such reasons all of its acts in the transaction with appellant, Edna M. Barnett, were void.

Thereafter appellants filed their fourth and supplemental paragraph of answer in which it is averred that

since the Central Republic Bank and Trust Company was substituted herein as a party plaintiff it has ceased to operate and to do business and function as a corporation, and that it has merged or consolidated with another corporation in Chicago, Illinois, known as the City National Bank and, therefore, it is no longer the real party in interest or the owner of the note and mortgage sued on.

To these paragraphs of answer the plaintiffs below filed a reply in general denial to the second and fourth paragraphs and filed a motion to strike out and reject the amended third paragraph of answer for the reason that the failure of a foreign corporation to qualify is a matter in abatement that must be pleaded before an answer in bar and not after an answer in bar or even with an answer in bar and for the additional reason that the said amended paragraph is not verified and is pleaded after an answer in bar and because the said amended paragraph of answer was not filed within the time limited by the court, which motion to strike was sustained.

There were other pleadings filed herein, which have no bearing on the questions herein involved and are, therefore, not set out.

Trial was had upon the issues herein formed and judgment was rendered for plaintiffs below in the sum of $7,012.60 plus $850.00 attorneys' fees and costs and the court decreed a foreclosure of plaintiffs' mortgage to satisfy said judgment and costs, and a sale was ordered of said real estate.

Appellants' motion for a new trial, containing the grounds that the decision of the court is not sustained by sufficient evidence; that the decision of the court is contrary to law; and that there was error in the amount of the recovery found for plaintiffs, in that the same is too large, was filed and overruled. This was followed

by appellants' motion to modify the judgment which was also overruled.

Errors assigned on appeal are: (1) that the court erred in overruling appellants' motion for a new trial; (2) that the court erred in striking out appellant Edna M. Barnett's amended third paragraph of answer; and (3) that the court erred in overruling appellants' motion to modify the judgment.

The first question which it is necessary for us to notice and which we believe is largely determinative of this appeal is whether or not this answer is a plea in bar. If it is a plea in bar the court erred in striking it out, as the cases are uniform in holding that where a corporation has reached a state that prevents its compliance with the statute such noncompliance may be pleaded in bar. The answer specifically alleged that the "Chicago Trust Company *had been consolidated into and with* the Central Republic Bank and Trust Company and *has ceased to do business as a corporation* and *its assets* and affairs *have been taken over by the plaintiff herein* the Central Republic Bank and Trust Company, . . . that *said Chicago Trust Company has ceased to function and operate as a corporation; that it cannot therefore now comply with the Foreign Corporation Act* of Indiana . . ." (our italics.)

In the case of *Lowenmeyer* v. *National Lumber Company* (1919), 71 Ind. App. 458, 125 N. E. 67, the court says that it is well settled in this state that "where a foreign corporation has failed to comply with a statute giving it a right to transact business in this state, and becomes insolvent, a receiver or trustee appointed to administer its affairs cannot maintain an action brought in this state on a claim arising therein; and that where such corporation *reaches a state* that prevents a compliance with such statute, the facts with reference to its

non-compliance and condition *may be pleaded in bar* to the action," (our italics) and cites cases upon which that statement is based, which cases support the statement fully. Subsequent to the Lowenmeyer case this court, in *Burroughs* v. *Southern Colonization Company* (1933), 96 Ind. App. 93, 173 N. E. 716, quoted the Lowenmeyer case and again reiterated the rule that when it was alleged that a foreign corporation had not qualified and could not qualify in Indiana that that was an effective answer in bar. It will be noted from the above quoted allegation of the pleading that this was done in the instant case by the words "has ceased to function and operate as a corporation and that it can not therefore now comply with the Foreign Corporation Act of Indiana."

The appellee says that this is true of the cases where the successor was either an assignee or a receiver and that it should not apply to the instant case because these corporations were merged and that the successor corporation succeeded to the rights of the original one and consequently this case is not to be controlled by those cited above. Since it was alleged that the Chicago Trust Company has ceased to operate and function as a corporation and that it can not now comply with that act this was a proper plea in bar and the court erred in striking out this paragraph of answer.

As to appellees' contention that the court had a right to strike out this answer because the rule of court had not been complied with as this answer was filed a day or two after the rule expired we need only say that it is so fundamental that courts have the inherent power to extend the time fixed by the order that when a plea, in the exercise of discretion, is permitted to be filed it can not later be rejected upon this ground alone. See *City of Peru* v. *Cox* (1909), 173 Ind. 241, 90 N. E. 7. Since we have arrived at this

conclusion it is unnecessary to determine whether or not the judgment was excessive or that the court erred in overruling the motion to modify the judgment.

The judgment of the Porter Circuit Court is reversed with instructions to grant a new trial and to reinstate appellant's amended third paragraph of answer.