## METROPOLITAN LIFE INS. CO. v. KANE.
### No. 7303.

Circuit Court of Appeals, Seventh Circuit.
Jan. 30, 1941.

Hoy D. Davis, of Gary, Ind., for appellants.

Mitchell D. Follansbee, Clyde E. Shorey, and Frederic Barth, all of Chicago, Ill., and Albert H. Gavit and Robert E. Richardson, both of Gary, Ind., for appellee.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This is an appeal from a judgment entered December 19, 1939, foreclosing a

mortgage given to secure the payment of a note in the sum of $22,500, both executed by the defendants, February 14, 1929, to the Chicago Trust Company, an Illinois Corporation, for a loan made to the former by the latter. The property described in the mortgage is located in the City of Gary, Lake County, Indiana, where the defendants then, and at the time of the institution of this suit, were residents and citizens. The loan was negotiated, the instruments in question executed, and the money delivered to the defendants at a branch office of the Chicago Trust Company in Gary, Indiana. The note and mortgage were purchased by the plaintiff on May 3, 1929, and by stipulation of the parties, the plaintiff is the holder and owner of said note and mortgage, acquired for a valuable consideration in the regular course of business. The defendants made regular payments as provided, up to June 1, 1933, and then defaulted.

At the time of the hearing there was due and owing upon said note, the sum of $19,800 as principal, and in addition, interest and certain other items as provided for by the obligation.

The Chicago Trust Company, subsequent to the assignment of the note and mortgage, consolidated or merged with the Central Republic Bank and Trust Company, an Illinois Corporation, and the name of the latter was afterwards changed to Central Republic Trust Company, which, at a later date, was placed in the hands of a receiver for liquidation.

Neither the Chicago Trust Company, nor any of its successors, all Illinois Corporations, ever qualified, as required by the Statutes of the State of Indiana, to do business in that state. At the time of the involved transactions, and since, there has been in force in the State of Indiana, the following statutory provisions:

"Before any foreign corporation for profit shall be permitted or allowed to transact business or exercise any of its corporate powers in the State of Indiana, other than insurance companies, building and loan companies and surety companies, they [it] shall be required to comply with the provisions of this act and shall be subject to all the regulations prescribed herein, as well as all other regulations, limitations and restrictions applying to corporations of like character organized under the laws of this state." Sec. 4909, Burns Annotated Statutes, 1926.

"Every foreign corporation amenable to the provisions of this act, which shall neglect or fail to comply with any of the provisions of the same, as herein provided, shall be subject to a penalty of not less than one thousand ($1,000) dollars nor exceeding ten thousand ($10,000) dollars, to be recovered before any court of competent jurisdiction, and it is hereby made the duty of the secretary of state, as he may be advised or may ascertain that any corporation is doing business in contravention of this act, to report such fact to the attorney-general, and it shall be the attorney-general's duty, and the duty of the prosecuting attorney of the proper county to bring such action at law as shall be necessary for the recovery of the penalties imposed hereby, and, in addition to such penalty, if, after this act shall take effect, any foreign corporation shall fail to comply herewith, no suit may be maintained, either at law or in equity, upon any claim, legal or equitable, whether arising out of contract or tort, in any court in this state." Sec. 4918.

Defendants' position in the court below, and here, as we understand it, is that the note and mortgage are void or nonenforceable for the reason that neither the Chicago Trust Company nor any of its successors ever qualified to do business in the State of Indiana in compliance with the above provisions and, that the Chicago Trust Company having ceased to exist, could not make such compliance. It is further the position of the defendants that the obligation being nonenforceable by the Chicago Trust Company, is likewise nonenforceable by its assignee, the plaintiff in the instant suit.

Defendants' contention that the note and mortgage are void, must, under the rule of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, be determined by the provisions of the Indiana Statute as construed by the decisions of the courts of that state. If the obligation was void in its inception, we assume no suit could be maintained in any court, State or Federal. If, however, the contract were only nonenforceable in the State Courts of Indiana, there is the further important question as to whether it may be enforced in the Federal Court.

A number of Indiana cases are cited by the defendants having to do with the right of the State to impose conditions, such as are found in the Statutory provisions in

question. It is unnecessary to consider such cases for the reason that the right or the authority of the state in this respect is not in dispute. It is the interpretation to be given such provisions and not their validity with which we are concerned. The only Indiana authority called to our attention which has held an instrument void under the circumstances here presented is United States Construction Co. v. Hamilton National Bank, 73 Ind.App. 149, 126 N.E. 866. There it was held that a failure to comply with the Statute was a misdemeanor and rendered any contract made in violation thereof, void. No further consideration, however, need be given this case for the reason that this pronouncement was subsequently expressly overruled in Peter & Burghard Stone Co. v. Carper, 96 Ind.App. 554, 172 N.E. 319, 775. The latter case was approved by the Supreme Court of Indiana in Selph v. Illinois Pipe Line Co., 206 Ind. 490, 190 N.E. 191.

At this point we shall give consideration to these cases and subsequently to other cases relied upon by the defendants. In the Burghard case, the suit was brought by a foreign corporation which had not complied with the involved Statutory provisions for material and labor supplied a contractor in the State of Indiana. The defendants there, as here, contended that the contract was void, and relied upon the Hamilton case in support of such contention. The Appellate Court repudiated the holding of the Hamilton case, held the contract was not void, and permitted the foreign corporation to recover upon showing that it had complied with the Statute prior to suit. In discussing the Statutory provisions, the court said [96 Ind.App. 554, 172 N.E. 325]:

"* * * A foreign corporation doing business in this state without complying with the law of this state is subject to two penalties: (1) It may be forced to pay a penalty of not less than $1,000 nor more than $10,000; and (2) it may not maintain a suit in the courts of this state. The statute does not, as do the statutes of some states, declare contracts entered into by a foreign corporation before complying with the statute void, nor does it provide that no action can be maintained on such contracts.

* * *

"The very fact that the prohibition against maintaining an action in the courts of the state was inserted in the statute ought to be conclusive proof that the Legis-lature did not intend or understand that contracts made without compliance with the law were void. The statute does not fix any time within which foreign corporations shall comply with the act. If such contracts were void no suits could be prosecuted on them in any court."

In the Selph case, it was contended that the contracts before the court were void because the plaintiff was a noncomplying foreign corporation. The court held the contract not void and that the foreign corporation, upon compliance with the Statute, might maintain its suit in the court of that state. The court said (page 192 of 190 N.E.): "In the Peter & Burghard Stone Co. Case the court held that, although a foreign corporation enters into a contract before a compliance with the statute, this fact does not render the contract void, and if, after the execution of the contract, but before suit, the corporation complies with the statute, then an action may be maintained by the corporation upon the contract. In this case all of the cases in this state upon the question at issue were collected and considered as well as cases from many other jurisdictions. The case is well considered and reasoned, and we do not consider it necessary to dwell further upon the law as decided in that case."

It is argued by the defendants, however, that its position is sustained by later Indiana cases. Two cases in particular are cited, namely Barnett v. Central Republic Bank & Trust Co., 100 Ind.App. 495, 196 N.E. 369, decided by the Appellate Court June 19, 1935, and Mitchell v. Hart, Ind. App., 25 N.E.2d 665, decided by the same court March 5, 1940. The Barnett case was an action by the Chicago Trust Company to recover on a note and mortgage executed by Indiana citizens. The defendants' plea was to the effect that the Chicago Trust Company had not complied with the Corporation Act; that it had ceased to do business as a corporation; that its assets and affairs had been taken over by its successor, and that it was in a position where it could no longer qualify. The court held that the suit was barred by reason of the Statutory provisions. There is no holding, however, that the contract was void or that the suit could not have been maintained in a court other than that of Indiana.

The Hart case had to do with an insurance contract issued by a company not authorized to do business in the State. While the court held the contract void, a different

provision of the Statute was involved, and we do not see how it is material to the question before us. It is significant that neither the Burghard case, nor the Selph case is cited or referred to in the Barnett or Mitchell cases.

Other cases are relied upon by the defendants, all prior to those of Burghard and Selph, and we think there is no occasion to discuss them. A study of these cases leaves no doubt but that a contract made in Indiana by a foreign corporation which has not complied with the Statutory provisions in question, is not void, and may be enforced in the state courts of Indiana by complying with the Statute before suit. It also appears that non-compliance may be pleaded in bar, and, as pointed out, it has been directly held that where the foreign corporation is in a situation where compliance is no longer possible, such a situation bars the action in the State Court.

Defendants' argument continues to the effect that inasmuch as the Chicago Trust Company has ceased to exist, there is no possibility of its complying with the Statute so as to maintain a suit in the Indiana court, and that, therefore, it could not maintain a suit in the Federal Court. It follows from this, so the argument goes, that the instant plaintiff, as the assignee of the Chicago Trust Company, is likewise precluded from maintaining a suit in the State Court, and that because it is denied the privilege of the State Court, it must likewise be denied the privilege of the Federal Court.

It may be material, as suggested by the plaintiff, that it is the holder of the note and mortgage in suit for a valuable consideration, and in due course, and that it therefore occupies a position different from that of the Chicago Trust Company. We are of the view that it is not necessary to discuss or decide that contention. For the purpose of decision, we think we may safely assume that plaintiff occupies the same position as that of the Chicago Trust Company. Under the law of Indiana, as already determined, the Chicago Trust Company was precluded from maintaining a suit in the Courts of that State, and it would follow that plaintiff is likewise precluded. It does not follow, however, as contended by the defendants, that because the Chicago Trust Company was barred from the Courts of Indiana, that it was also barred from the Federal Courts. In this connection, as already pointed out, it is pertinent to keep in mind that by the decisions of the Indiana Courts, the note and mortgage were not void. They were valid when received by the Chicago Trust Company, were valid when assigned by that corporation to the plaintiff, and are valid now. Their validity, in our judgment, could not be affected by the fact that the Chicago Trust Company, subsequent to their assignment, ceased to exist as a corporate entity. That had no effect on the situation except to destroy any possibilty that the Trust Company could qualify to do business in Indiana and thereby remove the barrier to its right to institute suit in the State Court.

A construction of the Statutory provisions in question, as precluding a non-complying foreign corporation from suing in the Federal Court, would, in our judgment, raise a serious question as to their validity. It would, in effect, impair the jurisdiction of Federal Courts, as bestowed by Congress. Stephenson v. Grand Trunk Western R. Co., 7 Cir., 110 F.2d 401. We are convinced, however, that such was not the intention or purpose of the Indiana Legislature. We again revert to the Burghard case which supports such conviction. The court, page 325 of 172 N.E., said: "The general rule is that a statute which merely closes the courts of the state to a non-complying foreign corporation doing business within the state, and which does not expressly or constructively declare the contract void, does not prevent the maintenance of an action by such foreign corporation in a federal court sitting in that state, upon a contract made within the state. Nor does such a statute prevent a recovery upon such contract in an action prosecuted in some other state. This would not be true if the contract were void in the state where it was executed. Such contracts are not void, but remain valid and enforceable by suit in the federal courts or in the courts of any other jurisdiction though there has been no attempt to comply with the statute. [Citing cases]."

Among the numerous cases cited in support of this rule is that of David Lupton's Sons Co. v. Automobile Club of America, 225 U.S. 489, 32 S.Ct. 711, 712, 56 L.Ed. 1177, Ann.Cas.1914A, 699, in which the plaintiff, a foreign corporation, had failed to comply with a provision of the New York Statute requiring a certificate of authority before such corporation was permitted to do business in that state. The Statute provided: "* * * No foreign stock

corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state unless, prior to the making of such contract, it shall have procured such certificate. * * *" The court points out that by the decisions of the courts of that state, a contract made in violation of the Statute, is not void. The holding was to the effect that while the plaintiff was barred from maintaining a suit in the state court, it had a right to bring a suit in the Federal Court. On page 500, of 225 U.S., 32 S.Ct. on page 714, 56 L.Ed. 1177, Ann.Cas.1914A, 699, the court said: "* * * The state could not prescribe the qualifications of suitors in the courts of the United States, and could not deprive of their privileges those who were entitled under the Constitution and laws of the United States to resort to the Federal courts for the enforcement of a valid contract. [Citing cases.] * * *" Defendants argue that this case should not be considered for the reason that "the courts of the State of New York had already held that the contract was not void." As we have already seen, the courts of Indiana have likewise construed the Statutory provisions in question, which makes this case persuasive and near controlling.

One other point relied upon by the defendants will be considered briefly. It is contended that the suit can not be maintained in the absence of an averment in the complaint that the Chicago Trust Company could have brought an action in the Federal or District Court. In support of this contention, our attention is called to a provision found in 28 U.S.C.A. § 41(1), which provides: "* * * No district court shall have cognizance of any suit * * * to recover upon any promissory note * * * in favor of any assignee, or of any subsequent holder * * *, unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made. * * *"

In Kolze v. Hoadley, 200 U.S. 76, 83, 26 S.Ct. 220, 222, 50 L.Ed. 377, the court said: "That a suit to foreclose a mortgage is within the inhibition of the act, and can only be maintained where the assignor was competent to file the bill. * * *" It was also held that the complaint— "* * * must contain an averment showing that the suit could have been maintained by the assignor if no assignment had been made. * * *"

The complaint in the instant case alleges that the Chicago Trust Company was a Corporation of the State of Illinois; that the plaintiff is a Corporation of the State of New York, and that the defendants are citizens and residents of Indiana. Thus, a diversity of citizenship was disclosed between the Chicago Trust Company and the defendants, as well as between the plaintiff and the defendants. We are of the opinion that such allegations were sufficient. With such allegations as are found in the complaint, it was for the court to conclude, as a matter of law, as to whether "the suit could have been maintained by the assignor if no assignment had been made." What the defendants evidently have in mind is that the complaint fails to allege the right of the assignor to maintain a suit in the State Courts of Indiana, but this was unnecessary to give the Federal Court jurisdiction. It is apparent, of course, that at the time this suit was filed, the Chicago Trust Company was not capable of maintaining a suit in the Federal or any other court for the reason that its existence had terminated. It could have, however, maintained a suit in the Federal Court at the time the assignment was made, and we think that is the controlling point. Otherwise, an assignee could never maintain a suit in the Federal Court, whether the assignor be a corporation or individual, if the former had ceased to exist, or the latter died between the time of the assignment and the commencement of the suit. All the cases cited by the defendants on this point[1] were suits upon contracts where the original parties were citizens of the same state, but where diversity of citizenship was created by assigning the contracts to parties of other states. The evident purpose of the Statute is to frustrate attempts to thus confer jurisdiction, and the holdings of the cases cited are to the effect that such attempts are precluded by the provision under discussion. No such situation exists in the instant case and we conclude that defendants' contention in this respect is not tenable.

From what we have said, we thus conclude that the note and mortgage in suit are valid obligations, and that the juris-

---

[1] City of Stuart v. Green, 5 Cir., 91 F. 2d 603, 113 A.L.R. 560; State of Maine Lumber Co. v. Kingfield Co., D.C., 218 F. 902; Lipschitz v. Napa Fruit Co., 2 Cir., 223 F. 698.

diction of the Federal Court was properly invoked. No fraud of any character was perpetrated upon the defendants; the money was loaned to them, they promised to pay, and have not discharged their obligation in that respect. By the law, as we construe it, they should be and are required to discharge their contractual obligation.

The decree of the District Court is therefore affirmed.