RECONSTRUCTION FINANCE CORPORATION v. BARNETT et al.

No. 7455.

Circuit Court of Appeals, Seventh Circuit.

Feb. 5, 1941.

Rehearing Denied March 27, 1941.

Lee Walker, M. O. Hoel, and T. S. Stearns, all of Chicago, Ill., and Glenn D. Peters, of Hammond, Ind., for appellant.

Chas. M. Reed, Lester F. Murphy, and Jesse W. McAtee, all of East Chicago, Ind., Fred Barnett, of Hammond, Ind., and John D. Kennedy, of East Chicago, Ind., for appellees.

Before SPARKS, and MAJOR, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

This appeal involves the right of appellant, the assignee of a note secured by trust deed on real property, to bring suit in a federal court in Indiana to foreclose on the trust deed upon default in payment of principal and interest, such action being admittedly barred in the state courts of Indiana for failure of the mortgagee to comply with the applicable statutes relating to requirements for admission of foreign corporations to do business in that state. See Burns Indiana Statutes 1926, §§ 4909 and 4918. A foreclosure suit had previously been brought in a state court, and a decision in favor of the mortgagee in the trial court was reversed by the Appellate Court on the ground that the mortgagee had failed to comply with the Indiana statutes and, having ceased to do business and been consolidated with another corporation in the meantime, it could never comply with the applicable statutory requirements. See Barnett v. Central Republic Bank, 100 Ind. App. 495, 196 N.E. 369. Upon suit in the federal District Court on the same note and trust deed, that court held that since the action was barred in the state courts, the assignee of the note and mortgage could obtain no greater relief in the federal court, hence denied the relief sought.

Substantially the same question was presented in Metropolitan Life Ins. Co. v. Kane, 117 F.2d 398, decided by us January 30, and we there held that under applicable decisions of the courts of Indiana, the fact that the note and mortgage there involved were unenforceable in the state courts did not render them unenforceable in the federal courts. The only difference between the facts of that case and the one at bar appears to be that while in the Kane case the note and mortgage were transferred before maturity, in the case at bar, the transfer was after default. We are convinced that this distinction is without significance. We also hold Rule 41 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, pertaining to the effect of dismissal of actions, inapplicable, both dismissals referred to by ap-

pellees having taken place prior to the effective date of the New Rules.

The decree of the District Court is re-· versed on the authority of Metropolitan Life Ins. Co. v. Kane, supra, and cases therein cited.