**MICHIGAN TRUST CO. et al. v. CHAFFEE.**
Civil No. 173.

District Court, D. North Dakota, N. E. D.
April 2, 1942.

O. B. Burtness and H. D. Shaft, both of Grand Forks, N. D., for plaintiffs.

Philip R. Bangs, of Grand Forks, N. D., for defendant.

VOGEL, District Judge.

Orison Young, hereinafter referred to as the decedent, died on January 24, 1941, at Grand Rapids, Michigan. Some four months prior thereto he had made and executed his last will and testament, designating himself as "of the City of Grand Forks, in the County of Grand Forks and State of North Dakota." Apparently he had maintained his legal residence in North Dakota for many years, but at the time of his death and for several years prior thereto he had lived at Grand Rapids, Michigan. In the decedent's will he nominated and appointed the First National Bank of Grand Forks, Orison Young Chaffee and Carther Jackson, all of Grand Forks, North Dakota, as executors of his will. In the will he also provided for a trust and named therein as trustees under his will the First National Bank of Grand Forks, Orison Young Chaffee and Carther Jackson, all of Grand

Forks, North Dakota, being the same corporation and persons designated as executors. Subsequent to the decedent's death his will was admitted to probate in the County Court of Grand Forks County, North Dakota, and the above named were appointed as domiciliary executors. Thereafter an ancillary proceeding was had in the State of Michigan, and in said proceeding the Probate Court of the County of Kent, in the State of Michigan, appointed the Michigan Trust Company, a corporation, and Marion L. Young, plaintiffs herein, coadministrators cum testamento annexo of the decedent's estate. At the time of his death the decedent had in his personal possession in the State of Michigan promissory notes exceeding the sum of $3,000, payable to the decedent, and signed by O. Young Chaffee, the defendant herein, and who is one of those named in the decedent's will as executors and trustees.

The plaintiffs in this action have brought suit in this Court against the defendant, O. Young Chaffee, on the promissory notes referred to, alleging diversity of citizenship and other jurisdictional necessities.

The defendant moves to dismiss the action on the grounds (1) that the complaint fails to state a cause of action upon which relief could be granted, (2) for the reason that plaintiffs have not legal capacities to sue and are not the real parties in interest, (3) that the complaint does not state facts sufficient to constitute a cause of action, (4) that the Court lacks jurisdiction over the subject matter, and (5) that the Court lacks jurisdiction over the person of the defendant.

The general rule is that Federal Courts in one state will not take jurisdiction over suits brought by executors and administrators appointed in another state unless there be some statutory authority therefor in the state of the Court's jurisdiction. Plaintiffs, however, rely upon Chapter 212, Session Laws of 1927, State of North Dakota, which provides as follows: "Any foreign executor, administrator or guardian may commence and prosecute or defend a civil action or proceeding in this state, in his representative capacity, in the same manner and under the same restrictions as in case of a resident; provided, that before commencing or defending such action he shall file an authenticated copy of his appointment as such executor, administrator or guardian in the

office of the Clerk of the District Court of the County in which such action is to be or has been commenced."

Plaintiffs also contend that the promissory notes in question, being in the personal possession of the decedent at the time of his death in Michigan, should be handled in the ancillary probate proceedings in Michigan, and that they, having physical possession of the notes, are the ones and the only ones to commence suit thereon. American Law Institute Restatement, Conflict of Laws, § 479.

The defendant contends that the proper ones to commence suit and enforce payment on the promissory notes are the domiciliary executors in North Dakota, pointing out that the proceedings in Michigan are merely ancillary and that the administrators there would merely have to account to the North Dakota executors subsequent to receiving payment. He further contends, although unsupported by authority, that the North Dakota legislature in passing the law quoted above did not intend to give the right to sue to an ancillary administrator in some foreign state where a domiciliary administrator or executor had been appointed in North Dakota.

I do not deem a determination of these questions necessary to a solution of the problem before this Court.

In plaintiff's complaint, on page three, it is alleged that the decedent "had apparently regarded his legal domicile as Grand Forks, in the State of North Dakota." That, together with the facts heretofore recited, would indicate to me quite clearly that the decedent was a citizen of the State of North Dakota at the time of his death. During his lifetime he could not, therefore, have brought suit in Federal Court against this defendant, who is also a citizen of North Dakota. It is, however, conceded that the citizenship of an administrator or executor is the controlling fact in determining the jurisdiction of Federal Courts on the question of diversity of citizenship —that being true irrespective of the citizenship of the decedent. Stewart v. Patton et al., D.C.Tenn.1940, 32 F.Supp. 675.

A bar to jurisdiction of United States Courts nevertheless appears. Judicial Code 24(1), 28 U.S.C.A. § 41(1), in part provides as follows: "No district court shall have cognizance of any suit (except upon foreign bills of exchange) to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made. * * *"

The purpose of the statute was twofold: First, to relieve Federal Courts as much as possible from enforcing local contracts and, second, to prevent assignment of choses in action to nonresidents for the purpose of rendering a defense upon the merits or a set-off less available to defendants. Clarke v. Janesville, 5 Fed.Cas. page 962, No. 2,854; Lipschitz v. Napa Fruit Co., 2 Cir., 223 F. 698; Metropolitan Life Insurance Co. v. Kane, 7 Cir., 1941, 117 F.2d 398, 133 A.L.R. 1163; Sterrett v. Hydro-United Tire Corporation, D.C.Pa. 1929, 32 F.2d 823.

It is not necessary to show the intent of the plaintiffs in order to make the bar operative. The statute is specific and excludes from jurisdiction suits coming within the designated classification.

The decedent could not in his lifetime have commenced suit in Federal Court against the defendant on the causes of action alleged in the complaint because they were citizens of the same state. The question, then, for determination is whether or not the plaintiffs are such assignees as was meant by the Congress in passing the statute above quoted.

"An assignee is either an assignee in fact, that is, one to whom an assignment has been made in fact by the party having the right, or an assignee in law, that is, one in whom the law vests the right, as an executor or administrator, trustee in bankruptcy, guardian, and the like. In common acceptance the word is limited to an assignee in fact; but this is not the universal rule, and, where the context so requires, it will be considered as having been used in its more comprehensive sense as including an assignee in law." 6 Corpus Juris Secundum, § 1, p. 1046; Blakemore v. Cooper, 15 N.D. 5, 106 N.W. 566, 4 L.R.A.,N.S., 1074, 125 Am.St.Rep. 574.

It seems to me clear from the above that the plaintiffs are assignees in law of the promissory notes upon which they bring suit. The prohibition in the statute

applies to "any assignee * * * unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made."

From the foregoing it will appear that this Court is without jurisdiction and, accordingly, the case is dismissed.