### SCHEEMEACKER v. HEIDER.
#### No. 46 C 222.

District Court, N. D. Illinois, E. D.
May 28, 1946.

Eugene P. Kealy, of Chicago, Ill., for plaintiff.

Eklund & Thornburn, of Chicago, Ill., for defendant.

CAMPBELL, District Judge.

This is an action to enforce a foreign judgment. The plaintiff is assignee of a judgment rendered on December 28, 1945, by a United States District Court in Indiana against the defendant herein and others, in the sum of $27,653.64 and costs, including a Special Master's fee of $2000. The pla'ntiff alleges that he became assignee of the judgment on February 4, 1946, in consideration of the sum of $28,813.83. Wherefore plaintiff demands judgment for $28,813.83 with interest at 6% from January 28, 1946.

In his answer, the defendant challenges the jurisdiction of this Court and raises certain defenses which go to the merits of the plaintiff's claim. The plaintiff in his complaint had alleged jurisdiction in this Court based on a federal statute, the Miller Act, 40 U.S.C.A. §§ 270a to 270e, which relates to bonds of contractors on public buildings or works, and the existence of the requisite jurisdictional amount in controversy. The plaintiff argues that where the jurisdiction of a federal court rests upon other grounds than diversity of citizenship, that jurisdiction cannot be defeated by assignment, citing 28 U.S.C.A. § 41, relating to suits by assignees. The defendant's contention is that this is not an action under the Miller Act, but simply a suit on a judgment, and that the fact that the judgment was rendered in the first instance in a suit under the Miller Act does not serve, in a suit on the judgment, to give another federal court jurisdiction on the theory that a federal question is involved.

A suit on a judgment is a suit to enforce a chose in action. The claim having been reduced to judgment, the suit is no longer one to enforce a federal statute or any other law on which the judgment was based. Unless the suit meets the requirements of an ancillary suit, it must independently meet the requirements of federal jurisdiction. The present suit, being a suit on a foreign judgment, is not an ancillary suit. Nor does the suit meet the requirements of federal jurisdiction. As has been shown it does not involve

a federal question. Diversity of citizenship does not exist, for the plaintiff does not challenge the defendant's statement that both are citizens of Illinois. The plaintiff's argument based on the federal statute relating to suits by assignees of choses in action, 28 U.S.C.A. § 41(1), is not persuasive. The purpose of that statute is to frustrate attempts to create a basis for federal jurisdiction by creation of diversity of citizenship through assignment of certain choses in action to an assignee having a state of residence other than that of the defendant. But if both the assignor and the assignee of the chose are citizens of states different from that of the defendant, the allegations of diversity of citizenship are adequate. Metropolitan Life Insurance Co. v. Kane, 7 Cir., 1941, 117 F. 2d 398, 133 A.L.R. 1163. The effect of the statute is not to allow an assignee, who is a citizen of the same state as the defendant, to maintain suit in a federal court because his assignor could have done so.

Since this Court lacks jurisdiction of the cause, it is unnecessary to consider the other defenses pleaded by the defendant. This cause is dismissed, without prejudice to the plaintiff's right to institute suit in a court of competent jurisdiction.