KEMP, APPELLANT *v*, DARKE COUNTY FARM BUREAU
COOPERATIVE ASSN., APPELLEE.

(No. 779—Decided October 24, 1961.)

*Messrs. Spidel, Staley & Hole*, for appellant.
*Messrs. Marchal & Marchal*, for appellee.

SHERER, J.   This is an appeal on questions of law from a judgment of the Common Pleas Court of Darke County, Ohio. Appellant brought an action against appellee in Darke County on a contract entered into by the parties in the state of Indiana.

Appellee's answer set up three defenses.  The second defense alleges that the contract was executed by the parties in the state of Indiana; that it was to be performed in the state of Indiana; and that the appellee, an Ohio corporation, was not authorized to do business in the state of Indiana.  Such defense also pleaded the statute of Indiana then in full force and effect, Burns Indiana Statutes 25-314, which provides as follows:

"*Penalties.*—No foreign corporation transacting business in this state without procuring a certificate of admission or, if such a certificate has been procured, after its certificate of admission has been withdrawn or revoked, shall maintain any suit, action or proceeding in any of the courts of this state upon any demand, whether arising out of contract or tort; and every such corporation so transacting business shall be liable by reason thereof to a penalty of not exceeding ten thousand dollars [$10,000], to be recovered in any court of competent jurisdiction in an action to be begun and prosecuted by the attorney-general in any county in which such business was transacted.

"If any foreign corporation shall transact business in this state without procuring a certificate of admission, or, if a certificate has been procured, after its certificate has been withdrawn or revoked, or shall transact any business not authorized by such certificate, such corporation shall not be entitled to maintain any suit or action at law or in equity upon any claim, legal or equitable, whether arising out of contract or tort, in any court in this state; and it shall be the duty of the attorney-general, upon being advised that any foreign corporation is so transacting business in this state, to bring action in the circuit or superior court of Marion County for an injunction to restrain it from transacting such unauthorized business and for the annulment of its certificate of admission, if one has been procured.

"Any agent of any foreign corporation who shall transact for such corporation any business in this state before it shall have procured a certificate of admission or after its certificate shall have been withdrawn or revoked, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined in any amount not exceeding one hundred dollars [$100] for each and every such offense."

Appellant demurred to the second defense, and the demurrer was overruled by the trial court and, appellant not desiring to plead further, final judgment was rendered for appellee and the cause was dismissed.

It is from that judgment that this case is before us on an appeal on questions of law.

Appellant assigns as error the judgment of the trial court overruling the demurrer and dismissing the action to the prejudice of appellant.

Appellant, by demurring, admits that the contract sued upon was executed in the state of Indiana; that it was to be performed in the state of Indiana; and that appellee was not authorized to do business in that state.

Appellee argues that the statute in question has been interpreted by courts of the state of Indiana and that they have held that a contract made with a corporation not authorized to do business is void in the state of Indiana and is void in Ohio.

In support of his contention, appellee cites the case of *United States Construction Co.* v. *Hamilton National Bank of Fort Wayne*, 73 Ind. App., 149, 126 N. E., 866, which holds, in paragraph one of the syllabus:

"Section 4085 *et seq.* Burns 1914, Acts 1907, p, 286, regulating the admission of certain foreign corporations to do business in Indiana, contains a section prescribing a penalty for neglect or failure to comply with the act, and this renders a contract made in violation thereof void."

Appellee cites also the case of *Evans* v. *Beaver*, 50 Ohio St., 190, the syllabus of which is as follows:

"A mortgage executed in the state of Indiana by a married woman domiciled in that state, on real estate situate in Ohio, to secure an obligation as surety to be performed in the state of Indiana, where she is without capacity to make such a contract, is void here as well as in Indiana."

Appellant argues that the statute of Indiana does not provide that a contract made contrary to its provisions shall be void, but merely provides that no action shall be brought in any of the courts of the state of Indiana.

The Indiana case relied upon by appellee, *United States Construction Co.* v. *Hamilton National Bank of Fort Wayne*, *supra* (73 Ind. App., 149), was overruled by a later Indiana case, *Peter & Burghard Stone Co.* v. *Carper*, 96 Ind. App., 554, 172 N. E., 319, decided by the Appellate Court of Indiana, *in banc*. In that case, the court said, at page 571:

"The contract between appellant and Klausman by which the former agreed to furnish the material and labor in question was neither immoral nor illegal. It was not a contract the execution of which had been forbidden by law. A foreign corporation doing business in this state without complying with the law of this state is subject to two penalties: (1) It may be

4

forced to pay a penalty of not less than $1,000 nor more than $10,000; and (2) it may not maintain a suit in the courts of this state. The statute does not, as do the statutes of some states, declare contracts entered into by a foreign corporation before complying with the statute, void, nor does it provide that no action can be maintained on such contracts.

"The general rule is, that a statute which merely closes the courts of the state to a non-complying foreign corporation doing business within the state, and which does not expressly or constructively declare the contract void, does not prevent the maintenance of an action by such foreign corporation in a federal court sitting in that state, upon a contract made within the state. Nor does such a statute prevent a recovery upon such contract in an action prosecuted in some other state. This would not be true if the contract were void in the state where it was executed. Such contracts are not void, but remain valid and enforceable by suit in the federal courts or in the courts of any other jurisdiction though there has been no attempt to comply with the statute. *David Lupton Sons Co.* v. *Automobile Club, supra*; *Louis Ilfeld Co.* v. *Union Pac. R. Co.* (1927), (C. C. A.), 23 Fed. (2d), 65; *Ockenfels* v. *Boyd* (1924), (C. C. A.), 297 Fed., 614; *Kawin Co.* v. *American Colortype Co., supra*; *Johnson* v. *New York, etc.* (1910), (C. C. A.), 178 Fed., 513; *Mutual Benefit Life Ins. Co.* v. *Winnie* (1897), 20 Mont., 30, 49 Pac., 446."

That case was approved by the Supreme Court of Indiana in the case of *Selph* v. *Illinois Pipe Line Co.*, 206 Ind., 490, 190 N. E., 191.

The same question was involved in the case of *Metropolitan Life Ins. Co.* v. *Kane*, 117 F. (2d), 398, decided by the United States Circuit Court of Appeals. That action was brought in the Circuit Court on a note secured by mortgage. The note and mortgage were executed in the state of Indiana for a loan made by the Chicago Trust Company, an Illinois Corporation not authorized to do business in the state of Indiana, at a branch office in Gary, Indiana. The note and mortgage were later sold to the Metropolitan Life Insurance Company.

In that case the court quoted with approval the holding of the Indiana court in the case of *Peter & Burghard Stone Co.* v. *Carper, supra*, and, at page 402 of 117 F. (2d), said:

"'* * * it is pertinent to keep in mind that by the decisions of the Indiana courts, the note and mortgage were not void. They were valid when received by the Chicago Trust Company, were valid when assigned by that corporation to the plaintiff, and are valid now. Their validity, in our judgment, could not be affected by the fact that the Chicago Trust Company, subsequent to their assignment, ceased to exist as a corporate entity. That had no effect on the situation except to destroy any possibility that the Trust Company could qualify to do business in Indiana and thereby remove the barrier to its right to institute suit in the state court.

"A construction of the statutory provisions in question, as precluding a non-complying foreign corporation from suing in the federal court, would, in our judgment, raise a serious question as to their validity. It would, in effect, impair the jurisdiction of federal courts, as bestowed by Congress. *Stephenson* v. *Grand Trunk Western R. Co.*, 7 Cir., 110 F. (2d), 401. We are convinced, however, that such was not the intention or purpose of the Indiana Legislature. We again revert to the *Burghard case* which supports such conviction. The court, page 325 of 172 N. E., said: 'The general rule is that a statute which merely closes the courts of the state to a non-complying foreign corporation doing business within the state, and which does not expressly or constructively declare the contract void, does not prevent the maintenance of an action by such foreign corporation in a federal court sitting in that state, upon a contract made within the state. Nor does such a statute prevent a recovery upon such contract in an action prosecuted in some other state. This would not be true if the contract were void in the state where it was executed. Such contracts are not void, but remain valid and enforceable by suit in the federal courts or in the courts of any other jurisdiction though there has been no attempt to comply with the statute.' * * *'"

The contract before us is neither illegal nor immoral. It is not invalid for the reason given by appellee.

Applying the law to the facts before us, we hold that appellant's assignments of error are well made. The trial court erred to the prejudice of appellant in overruling his demurrer, rendering final judgment for appellee and dismissing appellant's action. The judgment of the trial court will be, and

hereby is, reversed and the cause remanded to that court for further proceedings according to law.

*Judgment reversed.*

CRAWFORD, P. J., and KERNS, J., concur.